## JETER *v.* STATE OF MARYLAND

[No. 315, September Term, 1970.]

*Decided March 5, 1971.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*Seymour R. Goldstein,* with whom was *Louis J. Glick* on the brief, for appellant.

---

*James L. Bundy, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Edward F. Borgerding, Assistant Attorney General,* on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court.

The appellant, Clarence Arthur Jeter, was jointly indicted with James Robinson, Elviston Garrett and Wiley Lee Cantor by the Grand Jury for Baltimore City under two separate indictments, one charging storehouse breaking and the other premeditated murder. At his own request Jeter received a severance and was tried separately in a nonjury trial before Judge Solomon Liss. The pertinent segment of the trial court's findings of fact is as follows:

> "In the early morning hours of January 25, 1968, four men arrived at a warehouse building located at 401 Homeland Avenue in the City of Baltimore, owned by L. Greif and Brothers, Inc., a Maryland Corporation, for the purpose of breaking into the warehouse. Three of the men entered the premises by breaking a window in the shipping department and crawling inside. The Defendant, Clarence Jeter, never actually entered the premises, although two of the witnesses testified to having seen him attempt to enter and then withdraw hurriedly when he saw them coming. One of them, James Paul, positively identifies Jeter as the man who tried to enter the premises. Shortly after the three men gained entrance, Thompson, the night watchman, heard suspicious noises; and he ran to the office where Paul and two other employees, Wilkerson and Warren, were working and enlisted their aid. The four men ran to the shipping area, where Wilkerson testified:
>
> > " 'I noticed a man down on the floor on his

hands and knees, and as I looked at him, he was then fifteen feet away, and he pointed a revolver at me. With this, I ducked behind some boxes and yelled that he had a gun. By that time, the night watchman yelled, "Drop that thing," and he was actually — he grabbed hold of the man with the gun. With him grabbing ahold of it, they moved out of my line of vision. I noticed the other man pull away from the night watchman, when about five, ten feet, turned around and I heard a shot. The next thing I saw was the night watchman come out clutching his chest and sort of moaning, wail-type sound he was making.' The man who fired the shot was Jimmie Robinson, a co-defendant with Jeter. Thompson was struck by the bullet and died as a result of the gun shot wound."

The trial judge found Jeter guilty of storehouse breaking, but no appeal was taken from that judgment. Judge Liss also found that Jeter, as a principal in the second degree, was guilty of murder in the first degree. From this conviction and an accompanying sentence of life imprisonment, he appealed to the Court of Special Appeals, which affirmed the judgment. *Jeter v. State,* 9 Md. App. 575, 267 A. 2d 319 (1970). While that appeal was pending, Jeter's co-defendant, Robinson, the alleged triggerman and principal in the first degree, was acquitted of any unlawful homicide in a separate jury trial. The Court of Special Appeals was made aware of this development but concluded it had no effect on Jeter's conviction. We granted certiorari primarily to review this determination.

We now conclude that the Court of Special Appeals was correct in holding that the subsequent acquittal of a principal in the first degree does not affect the trial or conviction of a principal in the second degree. We believe the Court's analysis of the applicable law, set forth in *Jeter v. State, supra* at 582, is sound and in accordance with the almost unanimous opinion of the authorities as

enunciated by the courts of other jurisdictions and the criminal law treatises. We shall only supplement the opinion of the Court of Special Appeals in this regard with the following representative list of authorities: Clark and Marshall, *Law of Crimes,* 521, § 8.05 (7th ed. Barnes 1967); 1 Anderson, *Wharton's Criminal Law and Procedure,* 250, § 115 (1957); 1 Wharton, *Criminal Law,* 347, § 260 (12th ed. 1955); Perkins, *Criminal Law,* 582 (1957); *United States v. Klass,* 166 F. 2d 373 (3d Cir. 1948); *Von Patzoll v. United States,* 163 F. 2d 216 (10th Cir. 1947) *cert. denied* 332 U. S. 809 (1947); *State, v. Spillman,* 105 Ariz. 523, 468 P. 2d 376 (1970); *People v. Blackwood,* 35 Cal.App.2d 728, 96 P. 2d 982 (1939); *People v. Kauffman,* 152 Cal. 331, 92 P. 861 (1907); *Porter v. State,* 200 Ga. 246, 36 S.E.2d 794 (1946); *State v. Wilson,* 235 Iowa 538, 17 N.W.2d 138 (1945); *Gambrel v. Commonwealth,* 283 Ky. 816, 143 S.W.2d 514 (1940); *Wages v. State,* 210 Miss. 187, 49 So. 2d 246 (1950); *State v. Whitt,* 113 N. C. 716, 18 S. E. 715 (1893); *Conrad v. State,* 75 Ohio St. 52, 78 N. E. 957, 958 (1906); *Commonwealth ex rel. Smith v. Myers,* 438 Pa. 218, 261 A. 2d 550 (1970); *State v. Thompkins,* 220 S. C. 523, 68 S.E.2d 465 (1951); Annot.: Abetter-Acquittal of Principal, 24 A.L.R. 603 (1923) and later case service; 8 Ann. Cas. 440, (1908) (Annotation of American and English Cases); 22 C.J.S., *Criminal Law,* § 101 at 282-83; 21 Am.Jur.2d, *Criminal Law,* § 128 at 201; 1 Brill, *Cyclopedia of Criminal Law,* 449, § 251 (1922) and the numerous cases cited in both the opinions and the texts. *See also* cases collected in *State v. Peel,* 111 So. 2d 728 (Fla. 1959); cf. Annot.: Criminal Law-Inconsistent Verdicts, 22 A.L.R.3rd 717 (1968).

We have carefully reviewed the entire record and are convinced that Judge Liss' factual findings were permissible under the evidence presented at the trial. We are similarly convinced that the conclusions reached by the Court of Special Appeals in dealing with the appellant's remaining contentions rest on a sound foundation of law.

*Judgment affirmed.*