JANNAVIEVE MUMFORD a/k/a Genevieve Mumford
v. STATE OF MARYLAND

[No. 274, September Term, 1973.]

*Decided January 7, 1974.*

The cause was argued before Thompson, Davidson and Lowe, JJ.

*M. Dean Jenkins* for appellant.

*Mary Elizabeth Kurz, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, John L.*

*Sanford, Jr., State's Attorney for Worcester County,* and *William B. Yates, II, State's Attorney for Dorchester County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Jannavieve Mumford, appellant, was convicted by a jury in the Circuit Court for Dorchester County for murder in the first degree and nine other counts of a fifteen count indictment. On April 13, 1973, the trial judge sentenced appellant to life imprisonment on the murder conviction and to concurrent sentences, the longest of which was 15 years, on the other convictions. Appellant questions only the conviction for first degree murder.

At the conclusion of trial, counsel for appellant took exception to the advisory instructions. He specifically objected that the judge failed to include the following proffered charge:

". . . [I]f you find that the Defendant could not have expected her companions to commit a rape, and that the victim died as a result of a rape, then you must find the Defendant not guilty [of murder]." [1]

In Maryland, it is settled that a trial judge must, when timely requested to do so, give advisory instructions which are supported by the evidence. *Byrd v. State,* 16 Md. App. 391, 400, n. 3, 297 A. 2d 312 (1972); *Gaskins v. State,* 7 Md. App. 99, 105, 253 A. 2d 759 (1969), *cert. denied,* 404 U. S. 1040. Failure to give a properly requested instruction constitutes error. *Gaskins v. State, supra* at 107.

On the night of December 12, 1971, the appellant, a fifteen year old female together with four male youthful companions entered into an evening of burglary, robbery, larceny, assault and terror in the Bishopville, Maryland

---

1. Immediately prior to the time instructions were given, defense counsel asked that no instructions be given on felony murder, although he previously had requested an instruction similar to that contained in the exception. The trial judge instructed as to felony murder arising from burglary but made no reference to rape. We do not appraise the technical results of the requests because under Md. Rule 756g we may notice any error material to the rights of the accused in instructions.

area. The first victim was robbed and assaulted; the second victim was subjected to larceny. We focus upon the third and final victim, who was murdered and whose home was burglarized.

At approximately 7:30 p.m., on the night of December 12, the appellant and her cohorts commenced their final incident. As per the two prior occurrences, the appellant approached the door of a farmhouse to gain, by subterfuge, admittance for all. This time, however, no one was at home. The appellant and another broke into the house and began searching for "things to steal and rob." Two of her cohorts went to a barn/garage which was approximately 33 yards from the house. The decedent chose that untimely moment to arrive home. She parked her car in the garage. Two of the boys accosted the 66 year old decedent, while she was still in the garage. As the appellant approached to within approximately 16 yards of the garage, she heard the decedent scream. At this time, she was called back into the house to continue her search for items to steal. What happened in the garage is evidenced by the medical examiner's report that death occurred by: "1. Asphyxia secondary to mechanical obstruction of nose and mouth during assault. 2. Sexual assault." Most significant to the instant case was the report's expressed indicia of rape: dry blood in the vulva area, hemorrhages and laceration in the vagina, hemorrhage around the cervix, and abundant spermatozoa manifested from vaginal and cervical smear tests.

The appellant took the stand in her own behalf and admitted participation in burglary and robbery. Appellant stated, that she never entered the garage nor came close to the decedent; [2] that she first became aware of the rape only when so informed by the police on the following day. She denied any design, plan or accord to the rape of the decedent.

The State maintained that there was no proof of rape and

---

2. In a letter to the trial judge, the appellant claimed that she had raised the decedent's clothes in order to check for hidden money. She stated that there was no rape. At trial, she testified that she wrote the letter to help the two boys get off.

that what occurred was an assault within the "chain of causation" of the burglary plan.[3] The State concluded that the felony-murder rule applied and appellant was thereby criminally responsible for first degree murder pursuant to Md. Code, Art. 27, § 410:

"All murder which shall be committed in the perpetration of, or attempt to perpetrate ... burglary ... shall be murder in the first degree."

Under the felony-murder rule, the State does not have to prove premeditation, willfulness and deliberation in order to prove murder in the first degree. *Jeter v. State*, 9 Md. App. 575, 578, 267 A. 2d 319 (1970), *aff'd*, 261 Md. 221, 274 A. 2d 337 (1971). Rather, the fact that the accused was committing a felony creates proof of malice and premeditation sufficient to sustain conviction for first degree murder for any killing consequent to the felony. There is no further requirement upon the State that it indict and convict upon that underlying felony in order to sustain a felony-murder prosecution. *Adams v. State*, 8 Md. App. 684, 691, 262 A. 2d 69 (1970), *cert. denied*, 400 U. S. 928. Each person engaged in the commission of the criminal act bears legal responsibility for all consequences which naturally and necessarily flow from the act of each and every participant. *Veney v. State*, 251 Md. 159, 174, 246 A. 2d 608 (1968), *cert. denied*, 394 U. S. 948. The above principles apply when more than one person engages in a felony. Consequently, a killing, even if unintentional, by one, in furtherance of or pursuant to the common object for which they combine, extends criminal liability for murder in the first degree to each and every accomplice. The application of this doctrine, however, is

---

**3.** The State argued: "The report [medical examiner's] does not state that she was killed by a sexual assault. She was killed by asphyxia, due to obstruction of nose and mouth during assault, homicide ... The felony murder rule is clear, and we contend the felony murder rule applies in this case by virtue of the chain of causation.

"They would not have been at the [decedent's] residence, we submit the evidence has shown, unless they were there to burglarize and rob. They would not have been there, therefore, when [the decedent] came home — They would not have been there unless they were in the home at that time trying to take the various items out of her house."

circumscribed by "causation" requirements which must be satisfied before the felony-murder rule may be applied:

> "There is no criminal liability on the part of the others when the homicide was a fresh and independent product of the mind of one of the confederates, outside of, or foreign to, the common design." 1 Wharton, *Criminal Law and Procedure*, § 252, at 547 (Anderson ed. 1957).

In sum, there must be direct causal connection between the homicide and the felony. Something more than mere coincidence in time and place between the two must be shown; otherwise, the felony-murder rule will not be applicable. On appeal the State does not question this conclusion, but argues there was no evidence to support the requested instruction. We disagree.

The medical examiner's report, in connection with the order evidence, was sufficent for the jury to find the killing of the decedent resulted from the rape; consequently, had the trial judge's instructions as to the felony-murder rule included a requirement of causal nexus between the underlying felony and the resultant homicide, the jury could have chosen not to believe that death occurred pursuant to the burglary, but rather from rape, fresh and independent of the common design. This factual issue should have been presented to the jury, in accordance with appellant's exception. "The question of what is or is not a natural probable consequence is a question of fact for the trier of facts." *Jeter v. State, supra* at 580.

*Judgment reversed.*
*Case remanded for new trial.*