ODELL NEWTON *v.* STATE OF MARYLAND

[No. 66, September Term, 1976.]

*Decided May 5, 1977.*

The cause was argued before Murphy, C. J., and Singley, Smith, Digges, Levine and Eldridge, JJ.

*George E. Burns, Jr., Assistant Public Defender*, with whom was *Alan H. Murrell, Public Defender*, on the brief, for appellant.

*Gilbert Rosenthal, Assistant Attorney General*, with whom were *Francis B. Burch, Attorney General*, and *Clarence W. Sharp, Assistant Attorney General*, on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court. MURPHY, C. J., and SMITH, J., dissent and MURPHY, C. J., filed a dissenting opinion in which SMITH, J., concurs at page 275 *infra*.

The issue in this criminal case is whether convictions of and sentences for both felony murder and the underlying felony, where both charges arose from the same act or transaction and were tried at the same time, violate the prohibition against double jeopardy contained in the Fifth Amendment to the United States Constitution, and applicable to state court proceedings by virtue of the Fourteenth Amendment.

The State presented evidence at the trial which, if believed, established the following facts. The defendant Newton and a companion, after borrowing a revolver, hailed a taxicab in Baltimore City during the evening of December 19, 1973. Newton sat in the front seat with the driver and the companion sat in the rear seat. After proceeding about one block the companion told the driver that he should stop the cab and that it was a "stick-up." The driver raised his hands but was shot four times with the revolver and killed. The companion testified at the trial that it was Newton who fired the revolver, and Newton testified that it was the companion.

At the conclusion of Newton's non-jury trial in the Criminal Court of Baltimore, the court found Newton guilty of first degree murder, stating that it was "murder in the course of the perpetration of an attempted robbery" of the cab driver. The court also found Newton guilty of attempted

robbery. Finally, Newton was convicted on two charges of using a handgun in the commission of a crime of violence, one crime of violence being the felony murder and the other being the attempted robbery. Newton was sentenced to life imprisonment on the murder conviction, twenty years on the attempted robbery conviction, and five years on each handgun conviction. All sentences were concurrent.

On his appeal to the Court of Special Appeals, in addition to challenging the sufficiency of the evidence with respect to all charges, Newton argued that the Fifth Amendment to the United States Constitution precluded convictions and sentences for both felony murder and the underlying felony as well as for both of the handgun violations. He argued that, in light of Fifth Amendment double jeopardy principles, the underlying felony merged into the felony murder. The Court of Special Appeals, rejecting Newton's arguments, upheld all four convictions and sentences, *Newton v. State,* 31 Md. App. 344, 356 A. 2d 274 (1976). This Court then granted Newton's petition for a writ of certiorari limited to the double jeopardy questions.

In *Benton v. Maryland,* 395 U. S. 784, 89 S. Ct. 2056, 23 L.Ed.2d 707 (1969), the Supreme Court held that the Fifth Amendment prohibition against placing a defendant twice in jeopardy for the same offense is applicable in state prosecutions. Federal double jeopardy principles, therefore, are controlling in determining whether a defendant has been placed twice in jeopardy in violation of the federal Constitution. *See Thomas v. State,* 277 Md. 257, 267 n. 5, 353 A. 2d 240 (1976); *Jourdan v. State,* 275 Md. 495, 506, 341 A. 2d 388 (1975); *Neal v. State,* 272 Md. 323, 327, 322 A. 2d 887 (1974); *Matter of Anderson,* 272 Md. 85, 92, 321 A. 2d 516, *appeal dismissed sub nom Epps v. Maryland,* 419 U. S. 809, 95 S. Ct. 21, 42 L.Ed.2d 35 (1974); *Pugh v. State,* 271 Md. 701, 704-705, 319 A. 2d 542 (1974). The Fifth Amendment guarantee against double jeopardy prohibits both successive prosecutions for the same offense as well as multiple punishment for the same offense. *United States v. Wilson,* 420 U. S. 332, 342-343, 95 S. Ct. 1013, 1021, 43 L.Ed.2d 232 (1975); *North Carolina v. Pearce,* 395 U. S. 711, 717, 89 S. Ct.

2072, 2076, 23 L.Ed.2d 656 (1969). In *Ex parte Lange*, 18 Wall. 163, 21. L. Ed. 872 (1873), the Supreme Court emphasized that the common law prohibition against multiple punishment upon a single conviction for the same offense was inherent in the constitutional prohibition against double jeopardy (*id.* at 168, 173):

> "If there is anything settled in the jurisprudence of England and America, it is that no man can be twice lawfully punished for the same offence. And though there have been nice questions in the application of this rule to cases in which the act charged was such as to come within the definition of more than one statutory offence, or to bring the party within the jurisdiction of more than one court, there has never been any doubt of its entire and complete protection of the party when a second punishment is proposed in the same court, on the same facts, for the same statutory offence.

> \* \* \*

> "For of what avail is the constitutional protection against more than one trial if there can be any number of sentences pronounced on the same verdict? Why is it that, having once been tried and found guilty, he can never be tried again for that offence? Manifestly it is not the danger or jeopardy of being a second time found guilty. It is the punishment that would legally follow the second conviction which is the real danger guarded against by the Constitution. But if, after judgment has been rendered on the conviction, and the sentence of that judgment executed on the criminal, he can be again sentenced on that conviction to another and different punishment, or to endure the same punishment a second time, is the constitutional restriction of any value? Is not its intent and its spirit in such a case as much violated as if a new trial had been had, and on a second conviction a second punishment inflicted?

"The argument seems to us irresistible, and we do not doubt that the Constitution was designed as much to prevent the criminal from being twice punished for the same offence as from being twice tried for it."

*Cf. Gore v. United States,* 357 U. S. 386, 78 S. Ct. 1280, 2 L.Ed.2d 1405 (1958); *Morgan v. Devine,* 237 U. S. 632, 35 S. Ct. 712, 59 L. Ed. 1153 (1915). *See also* Comment, *Double Jeopardy,* 75 Yale L. J. 262, 266 n. 13 (1965).

In the instant case, there has been but one prosecution and trial for the felony murder and the underlying felony so that no issue concerning successive trials for the same offense is presented. *Cf. Bynum v. State,* 277 Md. 703, 707-708, 357 A. 2d 339, *cert. denied,* 429 U. S. 899, 97 S. Ct. 264, 50 L.Ed.2d 183 (1976). However, both parties and the Court of Special Appeals have proceeded on the assumption that if both offenses are deemed the same under double jeopardy principles, so that both offenses merge upon conviction, separate sentences on both would constitute double punishment and the judgment of conviction and sentence on the lesser offense must be vacated. Even though the sentences on the felony murder conviction and the underlying felony of attempted robbery are concurrent, this assumption is valid in view of our prior Maryland cases in which the Court has reviewed the validity of all convictions and sentences challenged even though concurrent. *Stewart v. Warden,* 243 Md. 697, 699-700, 221 A. 2d 709 (1966); *Crowe and Williston v. State,* 240 Md. 144, 146, 152-153, 213 A. 2d 558 (1965). *See* the discussion of this question in *Benton v. Maryland, supra,* 395 U. S. at 787-793; *see also United States v. Belt,* 516 F. 2d 873, 875 n. 7, 876 (8th Cir. 1975).

The issue in this case, then, is whether felony murder and the underlying felony upon which the murder conviction is founded are to be deemed the same offense under federal double jeopardy principles. In *Thomas v. State, supra,* 277 Md. 257, we considered for the first time since *Benton v. Maryland, supra,* the federal standard for determining whether two offenses arising from the same act or

transaction are treated as the same for double jeopardy purposes. We noted that the test employed by the Supreme Court in determining whether two offenses are deemed the same for double jeopardy purposes is the required evidence test as formulated in *Morey v. Commonwealth,* 108 Mass. 433 (1871), and adopted by the Court in *Gavieres v. United States,* 220 U. S. 338, 31 S. Ct. 421, 55 L. Ed. 489 (1911). In *Blockburger v. United States,* 284 U. S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932), in determining whether separate sentences could be imposed for separate counts of an indictment charging various statutory narcotics violations arising from the same transaction, the Court set forth the required evidence test as follows:

> "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

As to the proper application of the required evidence test, we said (*Thomas v. State, supra,* 277 Md..at 267):

> "Certain principles concerning the required evidence or same evidence test emerge from the cases. The required evidence is that which is minimally necessary to secure a conviction for each statutory offense. If each offense requires proof of a fact which the other does not, or in other words, if each offense contains an element which the other does not, the offenses are not the same for double jeopardy purposes even though arising from the same conduct or episode. *But, where only one offense requires proof of an additional fact, so that all elements of one offense are present in the other, the offenses are deemed to be the same for double jeopardy purposes.*" (Emphasis supplied.)

To the same effect, *see Bynum v. State, supra,* 277 Md. at 706, and *Cousins v. State,* 277 Md. 383, 388-389, 354 A. 2d

825, *cert. denied,* 429 U. S. 1027, 97 S. Ct. 652, 50 L.Ed.2d 631 (1976).

As we pointed out in both *Thomas v. State, supra,* 277 Md. at 266-267, and *Cousins v. State, supra,* 277 Md. at 395-396, this Court prior to *Benton v. Maryland, supra,* had also employed the required evidence test to determine whether multiple punishment or successive trials violated the common law prohibition against double jeopardy. Thus, in *Veney v. State,* 227 Md. 608, 611-614, 177 A. 2d 883 (1962), the Court observed that while the common law doctrine of merger was no longer followed in Maryland, a more modern concept of merger based upon double jeopardy principles had been recognized and cited *Gavieres v. United States, supra,* to the effect that " '[a] single transaction may be an offense against two statutes if each statute requires proof of a fact which the other does not.' " Applying the required evidence test, the Court in *Veney* held that the offense of carrying a concealed weapon does not merge into either the offense of assault with intent to murder or attempt to rob with a deadly weapon. The Court reasoned that the concealed weapon offense requires proof of the fact that the accused was carrying a weapon concealed, a fact not necessary to sustain a conviction on either the assault or attempted robbery charges. Conviction on the assault and attempted robbery charges would require proof of facts not necessary to sustain a conviction on the concealed weapon charge.

Similarly, in *Bennett v. State,* 229 Md. 208, 212-214, 182 A. 2d 815 (1962), the Court, citing *Blockburger v. United States, supra,* stated that under the required evidence test the offenses of contributing to the delinquency of a minor and statutory rape would merge as only statutory rape required proof of an additional fact to secure a conviction.[1] And in *Green v. State,* 243 Md. 75, 80-81, 220 A. 2d 131 (1966), the

---

1. The Court in *Bennett* held, however, that because the respective offenses involved therein were within the exclusive jurisdiction of different courts, the offenses did not merge. For a discussion of *Bennett* in view of subsequent Supreme Court cases, *see* Thomas v. State, *supra,* 277 Md. at 267 n. 5.

Court held that the offense of assault merged into the offense of rape as the facts necessary to establish the assault were necessary to prove rape.

Thus, under both federal double jeopardy principles and Maryland merger law, the test for determining the identity of offenses is the required evidence test. If each offense requires proof of a fact which the other does not, the offenses are not the same and do not merge. However, if only one offense requires proof of a fact which the other does not, the offenses are deemed the same, and separate sentences for each offense are prohibited.

Applying the required evidence test, it would seem clear that the felony murder and the underlying felony must be deemed the same for double jeopardy purposes. Maryland Code (1957, 1976 Repl. Vol.), Art. 27, §§ 407-410 provide that certain types of murder shall be murder in the first degree. All murder not provided for in §§ 407-410 is murder in the second degree (Art. 27, § 411). These sections do not create any new statutory crimes, but rather divide the crime of murder, as known at common law, into degrees. *Gladden v. State*, 273 Md. 383, 389-390, 330 A. 2d 176 (1974); *Stansbury v. State*, 218 Md. 255, 260, 146 A. 2d 17 (1958).

Section 407 provides, *inter alia*, that "[a]ll murder which shall be perpetrated . . . by any kind of wilful, deliberate and premeditated killing shall be murder in the first degree." To establish first degree murder under this section it must be proven that the homicide was wilful, deliberate, and premeditated, which also establishes the element of malice. *Dorsey v. State*, 278 Md. 221, 362 A. 2d 642 (1976); *Gladden v. State, supra.* However, under § 410, murder committed in the perpetration of certain enumerated felonies, including attempted robbery, is first degree murder. Under common law principles, a killing in the perpetration of a robbery is murder. *Stansbury v. State, supra; Wood v. State*, 191 Md. 658, 666-667, 62 A. 2d 576 (1948); *Evans v. State*, 28 Md. App. 640, 686 n. 23, 349 A. 2d 300 (1975), *aff'd*, 278 Md. 197, 362 A. 2d 629 (1976). By proving every element of the underlying felony, the element of malice necessary for murder is

established. *Warren v. State,* 29 Md. App. 560, 566, 350 A. 2d 173 (1976); *Evans v. State, supra,* 28 Md. App. at 700. And having established murder by proving a homicide during the perpetration or attempted perpetration of a felony, § 410 provides that the murder shall be murder in the first degree. Thus, to prove first degree murder under § 410, there is no need to prove wilfulness, deliberation and premeditation as would be required by § 407. *See Veney v. State,* 251 Md. 159, 174, 246 A. 2d 608 (1968), *cert. denied,* 394 U. S. 948, 89 S. Ct. 1284, 22 L.Ed.2d 482 (1969); *Stansbury v. State, supra,* 218 Md. at 260; *Mumford v. State,* 19 Md. App. 640, 643, 313 A. 2d 563 (1974).

Therefore, to secure a conviction for first degree murder under the felony murder doctrine, the State is required to prove the underlying felony and the death occurring in the perpetration of the felony. The felony is an essential ingredient of the murder conviction. The only additional fact necessary to secure the first degree murder conviction, which is not necessary to secure a conviction for the underlying felony, is proof of the death. The evidence required to secure a first degree murder conviction is, absent the proof of death, the same evidence required to establish the underlying felony. Therefore, as only one offense requires proof of a fact which the other does not, under the required evidence test the underlying felony and the murder merge. If, on the other hand, the murder conviction is premised upon independent proof of wilfulness, premeditation and deliberation under § 407, or if the evidence is sufficient for a jury to find those elements, the offenses would not merge. Each offense would then require proof of facts which the other did not, and convictions on both would be proper. *Robinson v. State,* 249 Md. 200, 207-211, 238 A. 2d 875, *cert. denied,* 393 U. S. 928, 89 S. Ct. 259, 21 L.Ed.2d 265 (1968).

Our conclusion is in accord with that reached by several other jurisdictions, which, applying the required evidence test, have held that the underlying felony and the felony murder merge. *United States v. Greene,* 489 F. 2d 1145 (D.C. Cir. 1973), *cert. denied,* 419 U. S. 977, 95 S. Ct. 239, 42

L.Ed.2d 190 (1974); *State ex rel. Wikberg v. Henderson*, 292
So. 2d 505 (La. 1974); *People v. Anderson*, 62 Mich. App. 475,
233 N.W.2d 620 (1975); *State v. Thompson*, 280 N. C. 202, 185
S.E.2d 666 (1972); *State v. Thomas*, 114 N.J. Super. 360, 276
A. 2d 391 (1971); *Ex parte Jewel*, 535 S.W.2d 362 (Tex. Crim.
App. 1976); *Ronzani v. State*, 24 Wis. 2d 512, 129 N.W.2d 143
(1964). However, other jurisdictions have held that the
felony murder and the underlying felony do not merge, and
that successive trials or multiple punishment for both are
permissible. *State v. Clayton*, 109 Ariz. 587, 514 P. 2d 720
(1973); *Turner v. State*, 248 Ark. 367, 452 S.W.2d 317 (1970),
*reversed on other grounds*, 407 U. S. 366, 92 S. Ct. 2096, 32
L.Ed.2d 798 (1972); *Slater v. State*, 316 So. 2d 539 (Fla. 1975);
*State v. Hall*, 86 Idaho 63, 383 P. 2d 602 (1963); *State v.
Chambers*, 524 S.W.2d 826 (Mo. 1975), *cert. denied*, 423 U. S.
1058, 96 S. Ct. 794, 46 L.Ed.2d 649 (1976); *Carmody v.
Seventh Judicial District Court*, 81 Nev. 83, 398 P. 2d 706
(1965); *People v. Tutuska*, 19 Misc. 2d 308, 192 N.Y.S.2d 350
(1959); *Harris v. State*, 555 P. 2d 76 (Okla. Crim. 1976);
*Commonwealth v. Smith*, 452 Pa. 1, 304 A. 2d 456, *cert.
denied*, 414 U. S. 1076, 94 S. Ct. 593, 38 L.Ed.2d 483 (1973);
*State v. Briggs*, 533 S.W.2d 290 (Tenn. 1976); *State v. Barton*,
5 Wash. 2d 234, 105 P. 2d 63 (1940).

Most of the cases which hold that murder and the
underlying felony are different offenses seem to reason that
both contain different elements. While this is true where
first degree murder such as that provided for in § 407,
requiring proof of wilfulness, premeditation and de-
liberation, is concerned, it is not true where felony murder
is involved. As previously discussed, where first degree
murder is established under the felony murder doctrine,
proof of the underlying felony is an essential element which
would not otherwise be required if the conviction were
obtained by independent proof of wilfulness, premeditation
and deliberation. As the court in *State v. Thompson*, *supra*,
185 S.E.2d at 675, explained:

> "However, the separate judgment imposing
> punishment for felonious breaking and entering in
> addition to that imposed for the murder conviction

cannot stand. When a person is convicted of murder in the first degree no separate punishment may be imposed for any lesser included offense. Technically, feloniously breaking and entering a dwelling is never a lesser included offense of the crime of murder. However, in the present and similar factual situations, a cognate principle applies. Here, proof that defendant feloniously broke into and entered the dwelling of Cecil Mackey, to wit, Apartment #3, 3517 Burkland Drive, was an essential and indispensable element in the State's proof of murder committed in the perpetration of the felony of feloniously breaking into and entering that particular dwelling. The conviction of defendant for felony-murder, that is, murder in the first degree without proof of malice, premeditation or deliberation, was based on a finding by the jury that the murder was committed in the perpetration of the felonious breaking and entering. In this sense, the felonious breaking and entering was a lesser included offense of the felony-murder."

The dissent in the instant case argues that this reasoning focuses upon "the actual evidence adduced at trial" to determine the elements of the crime rather than the evidence *required* to establish the elements of each offense and therefore represents an application of the so-called "actual evidence test" rather than the required evidence test. Under the actual evidence test, offenses are deemed the same if the evidence actually produced at trial on both offenses is substantially the same. This test was rejected by the Supreme Court in *Harris v. United States*, 359 U. S. 19, 79 S. Ct. 560, 3 L.Ed.2d 597 (1959), and by this Court in *Thomas v. State, supra.*

In *Harris v. United States, supra,* the defendant was convicted of the offenses of the purchase of heroin in an unstamped package and of receiving and concealing the drug knowing it to have been unlawfully imported. The conviction

was secured solely upon proof of possession of narcotics which raised a rebuttable presumption of concealment and illegal purchase. The Court rejected the defendant's contention that because the same evidence was used to secure both convictions, multiple punishment was not permitted. The Court reasoned that if the presumptions of concealment and illegal purchase were rebutted, each offense would require proof of different facts. The offenses were therefore different under the required evidence test. The dissent argues that this is the situation here. However, proof of the underlying felony does not, like proof of possession in *Harris*, raise a rebuttable presumption of an essential element of the alleged crime. Rather, proof of the underlying felony is itself an essential element of first degree murder under the felony murder doctrine. As previously discussed, first degree murder requires proof of wilfulness, deliberation and premeditation *or* proof of a killing during an enumerated felony. The underlying felony is one of two alternative elements of the crime. It is not merely evidence creating a rebuttable presumption that wilfulness, deliberation and premeditation were present. Once the State proves a killing during an enumerated felony, the offense of first degree murder is necessarily established, regardless of any evidence relative to wilfulness, deliberation and premeditation. This is different from the situation in *Harris* where proof of possession would not *necessarily* establish the offenses.[2]

---

**2.** The instant case is not dissimilar to the situation in Thomas v. State, *supra*. There we were presented with the question of whether a conviction for violating Maryland Code (1957, 1970 Repl. Vol., 1975 Cum. Supp.), Art. 66½, § 4-102 (driving a motor vehicle without the consent of its owner) barred, on double jeopardy grounds, a subsequent prosecution for violation of Code (1957, 1976 Repl. Vol.), Art. 27, § 349 (unauthorized use). The Court of Special Appeals had held that successive prosecutions were proper, finding that § 4-102 required proof of driving which was not required by § 349, whereas § 349 required proof of entry upon the premises of another which was not required by § 4-102. Therefore, in the view of the Court of Special Appeals, each offense required proof of a fact which the other did not and, under the required evidence test, the offenses were not the same. We reversed. We "noted that the provisions of § 349 are in the disjunctive. The offense can be established either by showing an entry and a taking or by showing a taking of a vehicle from wherever it may be located." 277 Md.

The State, at oral argument, conceded that under the felony murder doctrine, the only fact which need be proven to establish first degree murder in addition to the underlying felony is proof of the death, and thus, under the required evidence test as set forth in *Bynum v. State, supra, Cousins v. State, supra,* and *Thomas v. State, supra,* the two offenses would be deemed the same. However, the State argued that this case is controlled by our decision in *Price v. State,* 261 Md. 573, 277 A. 2d 256 (1971). In *Price,* the Court held that concurrent sentences for both felony murder and the underlying felony of arson were proper because arson and murder are separate offenses, neither being a "lesser included" offense within the other. *Price v. State, supra,* 261 Md. at 580. The Court in *Price,* however, did not consider whether multiple punishment for both felony murder and the underlying felony upon which the murder conviction is obtained would violate the Double Jeopardy Clause of the Fifth Amendment, but only whether the two offenses merged under Maryland law. For this reason, *Price* can no longer be regarded as authoritative.[3]

In conclusion, the defendant's separate convictions and sentences for the felony of attempted robbery and murder committed in the perpetration of that felony constitute, under the required evidence test, double punishment for the

at 269. Thus, under this latter alternative, upon which the prosecution in *Thomas* was based, entry is not a required element. Therefore, a violation of § 349 would always be established upon the proof required to establish the § 4-102 offense. Similarly, because felony murder requires proof of the underlying felony, proof of first degree murder under the alternative of the felony murder doctrine would necessarily require proof sufficient to establish the underlying felony. As in *Thomas,* the required evidence to show one offense would always be sufficient to satisfy one of two alternative methods of proving the other offense.

3. Moreover, *Price* would appear to be inconsistent with prior Maryland cases concerning merger. As previously discussed, prior Maryland merger cases considered the evidence required to convict on separate offenses and found that offenses merged if each offense did not require proof of a fact which the other did not. Veney v. State, 227 Md. 608, 177 A. 2d 883 (1962). While the Court in *Price* recognized that prior Maryland law would "appear to dictate that the offenses in the case at bar be merged," the Court concluded that the prevailing test of merger ignored the "thrust" of the offenses, one being directed at property and the other at a person. For this reason, the Court held that the underlying felony and the felony murder did not merge without considering the evidence required to convict on both offenses. Price v. State, *supra,* 261 Md. at 579.

same offense in violation of the Fifth Amendment's double jeopardy clause.[4] Consequently, the conviction for the lesser offense of attempted robbery must be vacated.

Additionally, because the attempted robbery conviction merges, there is only one conviction of a crime of violence, murder. In view of the fact that, as a matter of law, only one felony has been committed, there can be only one judgment of conviction of use of a handgun in the commission of a crime of violence. Accordingly, the conviction and sentence for use of a handgun during the commission of an attempted robbery are also vacated.

> *Judgment reversed and case remanded to the Court of Special Appeals with instructions to reverse the judgment of the Criminal Court of Baltimore on Indictment No. 57304373 (attempted robbery and use of a handgun in the commission of a crime of violence).*
>
> *Costs to be paid by the Mayor and City Council of Baltimore.*

---

**4.** It should be noted, however, that under certain circumstances, multiple punishment or successive trials for offenses deemed the same under the required evidence test do not violate the Fifth Amendment prohibition against double jeopardy. For example, a subsequent prosecution for felony murder is not barred by a previous prosecution for the underlying felony where the victim dies after the first prosecution. Because the death of the victim does not occur until after the first prosecution, the accused is not in jeopardy for the crime of murder at the time of the first prosecution. Diaz v. United States, 223 U. S. 442, 32 S. Ct. 250, 56 L. Ed. 500 (1912); State v. Thomas, 114 N.J. Super. 360, 276 A. 2d 391 (1971). Likewise, the legislature may indicate an express intent to punish certain conduct more severely if particular aggravating circumstances are present by imposing punishment under two separate statutory offenses which otherwise would be deemed the same under the required evidence test. *See* Gore v. United States, 357 U. S. 386, 393, 78 S. Ct. 1280, 2 L.Ed.2d 1405 (1958); *cf.* Bremer v. State, 18 Md. App. 291, 343-345, 307 A. 2d 503 (1973), *cert. denied,* 415 U. S. 930, 94 S. Ct. 1440, 39 L.Ed.2d 488 (1974).

*Murphy, C. J., dissenting:*

The Court holds that convictions for murder committed in the perpetration of a felony, and the underlying felony, where both charges arise from the same act or transaction, violate the constitutional prohibition against being twice placed in jeopardy for the same offense. While I agree with the majority that the "required evidence test" is controlling, I think the better reasoned cases, representing the clear weight of authority in the country, support the conclusion that the felony murder and the underlying felony do not constitute the same offense for federal double jeopardy purposes.[1] I therefore respectfully dissent.

Under the required evidence test, if each offense requires proof of a fact which the other does not, the offenses are not the same; but if only one offense requires proof of a fact which the other does not, the offenses are deemed the same. In applying this rule, the majority has in effect held that because proof of murder requires only one fact, *i.e.* death, in addition to that necessary to prove the underlying felony, that felony is an "essential ingredient" of the murder conviction and thus the murder and the felony constitute the same offense when applying double jeopardy principles. In so concluding, the majority has ignored the requirement that the evidence distinguishing the two offenses must be that demanded by the definition of the offense "and not merely evidence adduced at trial." *Thomas v. State*, 277 Md. 257, 264, 353 A. 2d 240, 245 (1976).

Murder is, of course, a common law crime traditionally

---

1. Cases applying the required evidence test which hold that the underlying felony is not an element of felony murder include State v. Clayton, 109 Ariz. 587, 514 P. 2d 720 (1973); Turner v. State, 248 Ark. 367, 452 S.W.2d 317 (1970), *rev'd on other grounds*, 407 U. S. 366, 92 S. Ct. 2096, 32 L.Ed.2d 798 (1972); People v. Salas, Colo., 538 P. 2d 437 (1975); State v. Hall, 86 Idaho 63, 383 P. 2d 602 (1963); State v. Chambers, 524 S.W.2d 826 (Mo. 1975), *cert. denied*, 423 U. S. 1058, 96 S. Ct. 794, 46 L.Ed.2d 649 (1976); Carmody v. Seventh Judicial District Court, 81 Nev. 83, 398 P. 2d 706 (1965); People v. Nichols, 230 N. Y. 221, 129 N. E. 883 (1921); Harris v. State, 555 P. 2d 76 (Okla. Crim. 1976); Commonwealth v. Smith, 452 Pa. 1, 304 A. 2d 456, *cert. denied*, 414 U. S. 1076, 94 S. Ct. 593, 38 L.Ed.2d 483 (1973); State v. Briggs, 533 S.W.2d 290 (Tenn. 1976); State v. Barton, 5 Wash. 2d 234, 105 P. 2d 63 (1940).

defined as the unlawful killing of one person by another, done with malice aforethought; robbery, also a common law crime in Maryland, is larceny from the person accompanied by violence or putting in fear. *Faulcon v. State,* 211 Md. 249, 126 A. 2d 858 (1956); *State v. Gover,* 267 Md. 602, 298 A. 2d 378 (1973). Murder in the perpetration of robbery is a species of murder in the first degree; it is not, as the majority acknowledges, a new crime, *Wood v. State,* 191 Md. 658, 62 A. 2d 576 (1948).

The necessary elements of murder and robbery are manifestly different and distinct; each crime can be proved independently of the other. That the facts supporting each offense may overlap, or that both offenses may arise from the same activity, does not implicate double jeopardy principles, since identity of offenses requires that they be the same both in law and in fact. *See Rouse v. State,* 202 Md. 481, 97 A. 2d 285 (1953).

The majority has focused on the actual evidence adduced at trial to establish the murder, rather than on the elements generally required to establish that crime. This approach amounts to the application of an "actual evidence" test, rejected by the Supreme Court in *Harris v. United States,* 359 U. S. 19, 79 S. Ct. 560, 3 L.Ed.2d 597 (1959). There the defendant was convicted of (1) purchase of heroin in an unstamped package and (2) receiving and concealing it, knowing it to have been unlawfully imported. The statutory provision making the first act unlawful provided that possession of heroin in an unstamped package was prima facie evidence of purchase. The statutory provision making the second act unlawful provided that possession of the narcotic drug was sufficient evidence to show receiving and concealing. The defendant, claiming that the sole evidence in the case was the act of possession, challenged the multiple convictions. Although the same evidence, aided by the statutory presumptions, supported both offenses, each had different elements. Thus, "the *violation,* as distinguished from the direct evidence offered to prove that violation, was distinctly different under each of the respective statutes." 359 U. S. at 23, 79 S. Ct. at 564, 3 L.Ed.2d at 600.

Similarly, the attempted robbery and the murder committed by Newton in this case are distinct and separate offenses, although the actual evidence offered to prove one also plays a part in proving the other. It is implicit from the provisions of Maryland Code (1957, 1976 Repl. Vol.) Art. 27, § 410, which provides that murder committed in the perpetration of attempted robbery is first degree murder, that robbery is prima facie evidence of malice. Malice is an element which can, of course, be established by other forms of direct evidence. The actual evidence produced in the case does not determine the evidence required to establish the elements of each offense. It is that evidence, however, upon which the majority has relied to support its conclusion that the offenses are identical for double jeopardy purposes.

Prior Maryland cases recognize that it is only when the required evidence of the two offenses, not the actual evidence, is the same that the lesser offense is merged into the greater or that double jeopardy applies. In *State v. Coblentz*, 169 Md. 159, 180 A. 266 (1935), the defendant, a bank officer, was acquitted of charges of accepting a deposit when he knew the banking institution to be insolvent. Subsequently, he was indicted for fraudulently signing a statement misrepresenting the bank's financial status. He contended that *res judicata* prevented the State from relitigating the issue of the bank's financial status. Our predecessors disagreed, holding that insolvency was an element of the first case only and that insolvency did not need to be proven in the second case, "even though that may be the effect of the evidence." 169 Md. at 168, 180 A. at 270. The Court thus looked to the evidence required to establish the elements of each offense, not to the evidence actually adduced at trial.

In *Williams v. State*, 205 Md. 470, 109 A. 2d 89 (1954), the defendant challenged consecutive sentences imposed for breaking and entering a warehouse with intent to steal and for larceny. He claimed that the lesser crime merged into the greater and only a single punishment was appropriate. The Court implicitly recognized that both offenses arose out of the same transaction and that, under the facts of the

particular case, they were interrelated. Nonetheless, because the elements of each crime were different and because each one *could* be completed without the other, the Court found consecutive sentences to be proper. Here again, the Court relied upon the required evidence, not the actual evidence.

More recently, in *Thomas v. State, supra,* we held that a conviction for driving a motor vehicle without the consent of its owner [Code (1957, 1970 Repl. Vol.), Art. 66½, § 4-102] precluded a subsequent prosecution for unauthorized use of a vehicle [Code (1957, 1976 Repl. Vol.), Art. 27, § 349] under certain circumstances. The elements required to establish a § 4-102 offense include (1) driving another's vehicle, (2) without consent of the owner, and (3) with intent temporarily to deprive the owner of possession. Elements of a § 349 offense include either (1) entry upon another's property, (2) taking vehicle away, (3) without owner's consent, and (4) with intent temporarily to deprive the owner of possession or (1) taking a vehicle from wherever it may be located, (2) without owner's consent, and (3) with intent temporarily to deprive the owner of possession. If both § 4-102 and the former aspect of § 349 are charged, we held that double jeopardy would not apply because each offense requires proof of an element that the other does not: § 4-102 requires driving and § 349 requires entry. If, however, both § 4-102 and the latter aspect of § 349 are charged, "the same evidence necessary to convict on the § 4-102 offense would *always* be sufficient to establish a § 349 offense . . . ." (Emphasis supplied.) 277 Md. 257, 270, 353 A. 2d 240, 248. The bar of double jeopardy would operate because the evidence *required* to establish one offense is also the same evidence required to establish another.

We have recently considered whether a felony conviction merges into the felony murder conviction. Although the appropriate test for merger is worded differently than the required evidence test, the principles are the same. In *Price v. State,* 261 Md. 573, 277 A. 2d 256 (1971), the defendant was convicted of arson and felony murder. He claimed that " 'the facts necessary to prove arson are essential ingredients in establishing felony murder.' " 261 Md. at 578, 277 A. 2d at

259. We said that "where the offenses in question consist of separate and distinct acts (e.g., robbing and shooting), even though part of a single 'transaction' or criminal adventure, conviction on both counts is proper." 261 Md. at 579-80, 277 A. 2d at 259. We cited with approval the following Court of Special Appeals analysis in *Parker v. State*, 7 Md. App. 167, 254 A. 2d 381 (1969), *cert. denied*, 256 Md. 747 (1970); *cert. denied*, 402 U. S. 984, 91 S. Ct. 1670, 29 L.Ed.2d 150 (1971), of merger issues in a robbery murder case:

> " '. . . As "murder in the first degree" is not a crime as such but merely a classification of murder, that the status of a first degree classification may be attained by proof that the murder was committed during the perpetration of a robbery, does not make robbery an essential element of murder and it follows that murder does not necessarily involve robbery.' 7 Md. App. 199." 261 Md. at 577, 277 A. 2d at 258.

We found it unnecessary, however, to apply the *Parker* rationale in *Price*. Instead, we noted that since the single act of throwing a bucket of gasoline into a building was the operative act underlying both offenses, one offense was directed at property and the other at the person and hence the offenses were sufficiently separate so as not to merge.

As heretofore indicated, robbing and shooting are separate and distinct offenses. Neither necessarily involves the other. Whereas, in *Price*, both offenses arose from a single act but did not merge, here since there are two acts, the offenses surely cannot merge. Double jeopardy is simply inapplicable.

Numerous other states representing the great weight of authority (footnote 1, *supra*) recognize that convictions for both felony murder and the underlying felony do not violate the prohibition against double jeopardy on the ground that murder and the underlying felony are different offenses.

New York, for example, has repeatedly held that, in a felony murder case, an underlying felony such as burglary

or robbery is a "substantively and generically entirely separate and disconnected" offense. *People v. Nichols*, 230 N. Y. 221, 129 N. E. 883, 884 (1921). *See also People v. Lytton*, 257 N. Y. 310, 178 N. E. 290 (1931), where Cardozo, C. J., speaking for the Court, explained that the independent felony merely characterizes the degree of culpability rather than changing the identity of the crime. The New York courts have reasoned that

> "[p]roof of these [underlying] crimes, at most, was only evidence of the inferred criminal intent and not the element of criminal intention itself . . . . Proof of the commission of an underlying felony in a felony murder case is a condition of the murder charge conviction but is not an element of that crime. If it were an element of the felony murder, the elements of such a crime would be as various as the underlying felonies might be." *People v. Tutuska*, 192 N.Y.S.2d 350, at 357, 19 Misc. 2d 308 (1959), *affirmed*, 205 N.Y.S.2d 1006, 11 App. Div. 2d 906 (1960).

Similarly, the Supreme Court of Missouri has recognized that the elements of the felony murder and the underlying felony are dissimilar. In discussing the relationship between the offenses, it said:

> "With respect to the murders, the underlying felony serves only to prove the intent or state of mind necessary to the murders; and proof of the underlying felony proves both it and the intent necessary to the murder charges. Proof of different elements is necessary to each offense, even though the same evidence may go to both offenses." *State v. Chambers*, 524 S.W.2d 826, 829 (Mo. 1975).

Thus, the reasoning and authority of our sister states and Maryland law convincingly demonstrate that, according to the better reasoned view, felony murder and the underlying felony are separate and distinct offenses, the elements of

which do not overlap. The underlying felony is only evidence of malice and is not actually an element of the murder. Convictions for both murder in the perpetration of a robbery and attempted robbery therefore do not violate the prohibition against placing a defendant twice in jeopardy. I would, therefore, affirm both judgments. Judge Smith has authorized me to state that he concurs in the views expressed in this dissent.