## ROLAND NEVILLE GODWIN *v.* STATE OF MARYLAND

[No. 200 (On Remand), September Term, 1977.]

*Decided January 16, 1979.*

The cause was submitted on remand to ■GILBERT, C. J., and MOYLAN and LOWE, JJ.

MOYLAN, J., delivered the opinion of the Court.

The appellant, Roland Neville Godwin, was convicted by a Prince George's County jury, presided over by Judge Jacob S. Levin, of three counts of first-degree murder, four counts

of kidnapping and four counts involving the unlawful use of a handgun in the commission of a crime of violence. He appealed initially to this Court, raising seven separate contentions. We rejected all of those contentions and affirmed the convictions in *Godwin v. State,* 38 Md. App. 716. The Court of Appeals granted certiorari to consider one of those contentions — that three of the kidnapping convictions should have merged into the three convictions for first degree murder. On November 21, 1978, the Court of Appeals passed an order vacating our judgment in this case and remanding it to us "for the entry of a new judgment consistent with the opinion of [that] Court in *State v. Eugene Shaw Frye* and *Willie Lee Jones, Jr. v. State,* Nos. 133 and 173, September Term, 1977, decided November 16, 1978." It will reduce the clutter to clear away the convictions which are not affected by the order of the Court of Appeals.

The appellant, along with two codefendants, was convicted of gangland-style kidnappings and executions directed initially at four victims and fully consummated with respect to three of those victims. With respect to each of the three victims who was ultimately executed — Alvin Jones, Anthony Cunningham and David Dock — convictions were obtained for murder in the first degree, kidnapping and the use of a handgun in the commission of a crime of violence. With respect to the intended victim who was ultimately permitted to go free by his captors — Ronald Swayne — convictions were obtained simply for kidnapping and the use of a handgun in the commission of a crime of violence. Those two convictions, wherein the victim was Ronald Swayne, are unaffected by anything in the Court of Appeals' order and as to them, the judgments below remain affirmed.

As in the *Jones* case, *supra,* a remand is in order with the State having the option of 1) retrying the appellant on the three murders and related kidnappings in an effort to obtain consecutive sentences or 2) allowing the kidnapping convictions to be vacated and deemed merged into the respective murder convictions. If the State should decide that it is content with "a bird in hand," our direction to the court below is to vacate the convictions and sentences on those

three kidnapping charges. The convictions and the sentences for both the murders and the handgun uses will remain unaffected by the remand.

A word is in order about leaving the convictions and sentences for the handgun offenses undisturbed. In the first place, the legal sufficiency of the evidence to support the handgun convictions is not disputed. The Court of Appeals' order does not disturb one whit the findings upon the merits that three murders (crimes of violence) were committed with handguns and that three kidnappings (also crimes of violence) were also committed with handguns. The undisturbed convictions for murder alone serve as ample predicates for the handgun convictions [1] — regardless of the fate of the kidnapping convictions. In the second place, the crime of using a handgun in the commission of a crime of violence contains an element — the use of a handgun — which is not a required element of either murder or kidnapping. They, in turn, each require obvious elements not required for the handgun convictions. The handgun convictions are not, therefore, lesser included offenses for purposes of mandatory merger. *Couplin v. State,* 37 Md. App. 567; *Cates v. State,* 21 Md. App. 363; *Bremer v. State,* 18 Md. App. 291; cf. *Dillon v. State,* 277 Md. 571. They do not merge directly into the murder convictions. Neither do they merge into the kidnapping convictions so as to link their destinies inexorably together.[2]

---

1. A conviction for the use of a handgun in the commission of a crime of violence may stand upon its own legs, of course, even in the face of an acquittal on the merits for the actual "crime of violence" itself. *Ford v. State,* 274 Md. 546.

2. Even if the handgun charges were tied exclusively to the kidnappings as their predicates and even if *Ford v. State, infra,* did not permit the handgun charges to stand independent of the fate of the kidnapping charges, sound reasoning still would not dictate vacating them in a case such as this. In a merger situation such as that mandated by *Newton v. State, infra,* the convictions for the underlying felonies are vacated not because, upon the merits, those felonies *did not* occur but for the very opposite reason that those felonies *did* occur and are, as lesser included offenses, subsumed into the greater offenses so as to avoid double punishment. Even if consistency between verdicts were demanded, therefore, the factual predicate for the handgun offense is not wiped out where the crime of violence is merged into a greater offense, in contrast to the very different situation where the crime of violence has been found, upon the merits, not to have occurred. We look to the substance of what happens and not the mere form. Every vacating

We now turn to the possibilities that may occur in the event the State exercises its retrial option to push for consecutive sentences.[3] Even in this event, the vacating of convictions and the ensuing retrial would be with respect to the three murder charges and the three related kidnapping charges. For all of the reasons discussed above, there is no necessity for a retrial as to the three handgun charges and these convictions may stand undisturbed, whatever course the State elects to take with regard to the murders and the kidnappings. It is clear, under *Ford v. State, supra,* that the crime of using a handgun in the commission of a crime of violence is not a "lesser included offense" within nor the "same offense" as the related crime of violence and a conviction for the one may stand unaffected by the fate of the other. There is no multiple punishment problem and no former jeopardy problem (autrefois convict variety) because the handgun offense and the "crime of violence" in which the handgun is used are not "the same offense" within the contemplation of double jeopardy law. *Newton v. State,* 280 Md. 260, 373 A. 2d 262 (1977); *Blockburger v. United States,* 284 U. S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932).

With respect to the three murder charges and the three related kidnapping charges, we remand them to the Circuit Court for Prince George's County for further proceedings. The State may, if it is so inclined, elect to retry the appellant for both the murders and the underlying kidnappings. In such event, the jury should be instructed in accordance with *State v. Frye and Jones v. State,* 283 Md. 709, 393 A. 2d 1372 (1978)

---

of a kidnapping conviction is not the same as every other in terms of its significance and impact. To prove a kidnapping upon the merits but to have it merged into a greater inclusive offense so as to avoid multiple punishment is a far cry from failing to prove the kidnapping upon the merits. The only reason the underlying felony merges into the felony-murder is because it has no element not contained in that particular form of murder. The use of the handgun in the commission of the merged felony, by way of contrast, does have an independent element and does not so merge.

3. In view of the stark realities of parole consideration, wherein ostensibly lengthy sentences rapidly pass a point of diminishing returns, the strategic wisdom of opting for some nominal victory in terms of sentence at the risk of Pyrrhic victory in terms of mind-boggling confusion and opportunity for error as illustrated by this case and *Jones* and *Frye* would appear highly questionable. The decision, however, is in the unfettered discretion of the State's Attorney's Office.

and as fully explained in *Frye v. State,* 37 Md. App. 476, 378 A. 2d 155 (1977). If, after a reasonable time, the State fails to elect a new trial, the judgments on the three underlying kidnapping counts should be vacated and the judgments of guilty on the three murder counts should be enrolled.

> *Judgments as to Counts 22 and 25 (charging kidnapping and the use of a handgun with respect to the victim Swayne) affirmed; judgments as to Counts 7, 14 and 21 (the handgun counts with respect to the other three victims) affirmed; judgments as to Counts 3, 10 and 17 (charging the three murders) and Counts 4, 11 and 18 (charging the, three related kidnappings) vacated and remanded for further proceedings; costs to be paid by Prince George's County.*