FIRST NATIONAL REALTY
CORPORATION, Appellant,

v.

Alfred H. BELL, Appellee.

No. 2903.

Municipal Court of Appeals for the
District of Columbia.

Argued Jan. 29, 1962.

Decided Feb. 13, 1962.

Paul H. Mannes, Washington, D. C., with whom William A. Mann, Washington, D. C., was on the brief, for appellant. Sheldon E. Bernstein, Washington, D. C., also entered an appearance for appellant.

Stephen Bienieck, Washington, D. C., for appellee.

Before QUINN, Associate Judge, CAYTON, Chief Judge, Retired) sitting by designation under Code § 11-776(b) and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

CAYTON, Judge.

In this action against a lessee for breach of a covenant to repair and for waste, the trial court ruled that plaintiff failed to prove a prima facie case and found for defendant.

It was admitted that defendant had leased dwelling property in October 1956 for one year and had remained in possession and paid rent under the terms of the expired lease; also that he covenanted to surrender the premises at the expiration of his tenancy "in good order, ordinary wear and tear and damage by Act of God or public enemy excepted." It was also admitted that the lease contained the following clause:

> "I/We have personally inspected the premises contained herein and found the property to be in a satisfactory and habitable condition. Lessee, further agrees to be responsible for all repairs, interior and exterior, of any nature whatsoever. * * *"

A District Condemnation Board inspector testified that while on a routine inspection tour he found the following conditions at the leased premises:

> "The windows were ill fitting, caulking was missing and glass was broken and out; doors were broken and ill fitting and glass parts were missing; the wall covering was loose, cracked and decayed and parts of the plaster were missing; the floors were worn and broken and there were holes in the floors; both the electric wiring and the plumbing were defective and broken; stairway treads were worn and balusters were missing; there was an accumulation of trash and debris in the yard;

rats were prevalent, the premises not being rat-proofed."

He expressed the opinion that some of the "deficiencies" were due to abuse but could not say which ones.

After being served with an official order of condemnation, plaintiff had the repairs made at its own expense and the order of condemnation was lifted. The record states:

"No testimony was introduced to establish the actual condition of the premises at the time of the execution of the lease other than those statements and admissions which were contained in the lease itself."

We hold that plaintiff established a prima facie case, and that defendant should have been required to come forward with answering evidence. Otherwise we would have to ignore the formal stipulation or recital in the lease, that defendant had personally inspected the property and found it to be in satisfactory and habitable condition. That language is not meaningless; it is part of a covenant to repair, and an acknowledgment of a condition existing at the time the lease was made. Having been admitted without challenge, it was evidence, pro tanto at least, of the facts it recited. Plaintiff was not required to bolster it by additional evidence. The language should be read along with that which followed, and by which tenant bound himself in broadest terms "to be responsible for all repairs, interior or exterior, of any nature whatsoever. * * *"

Tested by the familiar standards which govern a motion for directed verdict (or, as here, a motion for a finding on plaintiff's case) plaintiff's evidence established that lessee received property in satisfactory condition, and that despite a covenant to make all repairs, the property was permitted to fall into a state of serious disrepair, damage or waste.

We do not say that plaintiff is destined to prevail. Perhaps defendant can prove that the items of damage are not properly chargeable to him; perhaps he can establish other matters of defense. But he should be required to do so by proof. It was error to rule otherwise.

Reversed.