# FRANKLIN JAMES LLOYD v. STATE OF MARYLAND

[No. 609, September Term, 1978.]

*Decided April 12, 1979.*

The cause was argued before MORTON, MOYLAN and MELVIN, JJ.

*Richard B. Talkin* and *Ellen Levy Widen,* with whom were *Talkin & Abramson* on the brief, for appellant.

*F. Ford Loker, Assistant Attorney General,* with whom were *Francis Bill Burch, Attorney General, Sandra A. O'Connor, State's Attorney for Baltimore County,* and *Jeffrey Himmelstein, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

This case arises from an October 22, 1977, incident in which an automobile driven by appellant, Franklin James Lloyd, struck and killed a thirteen year old female pedestrian. On December 28, 1977, appellant was convicted in the District Court for Baltimore County (Sfekas, J.) on charges of driving while intoxicated and failing to exercise due care to avoid colliding with a pedestrian.

It appears that by the time of his district court trial, appellant had become aware of a letter from the Baltimore County State's Attorney to an attorney representing the family of the deceased pedestrian which indicated that a decision had been made not to prosecute appellant for manslaughter by automobile.

On February 27, 1978, however, appellant was further charged in an indictment with the crime of manslaughter by automobile for his involvement in the same accident. Appellant moved to dismiss this charge on grounds of double jeopardy and estoppel at a pretrial hearing in the Circuit Court for Baltimore County (Hormes, J.) on May 11, 1978. From a denial of that motion, appellant takes this appeal.

Appellant contends that trying him for manslaughter by automobile after his conviction for driving while intoxicated infringes upon his constitutional protection against double jeopardy because he is being tried twice for the same offense. He says that, for the purposes of double jeopardy, manslaughter by automobile and driving while intoxicated are the same.

If these two offenses are the "same," then appellant is indeed being twice put in jeopardy. The applicable test for making this determination was recently reiterated by the Supreme Court in *Brown v. Ohio,* 432 U. S. 161, 166 (1977).

"The established test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment was stated in *Blockburger v. U.S.,* 284 U.S. 299, 304 (1932):

> 'The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there, are two offenses or only one, is whether each provision requires proof of an additional fact that the other does not . . . .' "

This test has come to be known as the "required evidence" or "same evidence" test. In *Newton v. State,* 280 Md. 260, 266 (1977), the Court of Appeals cited with approval the guiding principles set out in *Thomas v. State,* 277 Md. 257, 267 (1976):

> " 'Certain principles concerning the required evidence or same evidence test emerge from the cases. The required evidence is that which is minimally necessary to secure a conviction for each statutory offense. If each offense requires proof of a fact which the other does not, or in other words, if each offense contains an element which the other does not, the offenses are not the same for double jeopardy purposes even though arising from the same conduct or episode. But, where only one offense requires proof of an additional fact, so that all elements of one offense are present in the other, the offenses are deemed to be the same for double jeopardy purposes.' "

*See also Brooks v. State,* 284 Md. 416 (1979), in which the Court of Appeals reaffirmed that the "required evidence" test is the general standard in Maryland for determining whether two offenses are distinct for purposes of double jeopardy as well as merger.

Appellant urges that manslaughter by automobile requires proof of only one more additional fact than does driving while intoxicated and that the latter charge merges into the former,

making them the same for double jeopardy purposes. He argues that there are three elements of manslaughter by automobile: (1) operation of a motor vehicle, (2) gross negligence and (3) the death of a person; and that there are two elements of driving while intoxicated: (1) operation of a motor vehicle and (2) intoxication. Since he reads *Blackwell v. State,* 34 Md. App. 547 (1977) to equate gross negligence with intoxication, he concludes that there are no distinct elements in a driving while intoxicated case and that there is only one additional fact required to prove manslaughter by automobile, namely, the death of a person.

Assuming, *arguendo,* that appellant has properly identified the elements of the two offenses, we still cannot accept his argument. The issue in *Blackwell* was whether a showing of intoxication, alone, could be sufficient evidence of the "wanton or reckless disregard for human life," or gross negligence, required to prove manslaughter by automobile. After observing that this precise point had never been addressed in Maryland, we stated:

> "[O]ne who drives [while intoxicated] *may be* inferred to have disregarded human life both wantonly *and* recklessly. When death ensues, inferentially and directly attributable to a breach of duty by appellant, derived from his self-induced condition of intoxication, driving while drunk *may be* sufficient to raise the cause of death from simple negligence to gross negligence, *as a factual determination to be made by the fact-finder."* (Emphasis supplied.) *Id.* at 565-66.

We read *Blackwell* as holding that "extreme" intoxication by itself may indicate a "wanton or reckless disregard" and therefore justify a finding of gross negligence. Under *Blackwell,* however, it is clear that such a finding is not automatic simply because there is evidence of intoxication. Rather, the issue must be determined by the fact-finder on a case by case basis. This holding cannot be said, as appellant contends, to equate intoxication with gross negligence.

A further problem we see in appellant's attempt to equate

intoxication with gross negligence stems from the fact that a manslaughter charge, like other negligence cases, requires proof of a causal link between the breach of duty and the death. *Id.* at 557; Md. Code, art. 27, § 388. Whether causation is regarded as a separate element or as a component of the gross negligence element, there is, obviously, no corresponding showing of causation required in a drunken driving case. No Maryland court has ever held that intoxication by itself is sufficient evidence of causation and we did not reach that question in *Blackwell* where there was ample evidence of negligent causative factors. We did observe that a minority of states had eliminated the necessity of proving causation where the driver was intoxicated and we cited as an example the case of *State v. Costello,* 367 P. 2d 816 (1962). *See Blackwell, supra,* at 564, n. 9. *Costello,* however, involved a Washington negligent homicide statute which on its face did not require proof of causation if a driver was intoxicated. Such a statute is simply not comparable to Maryland's automobile manslaughter statute. In any event, we are not now inclined toward adopting a reading of the Maryland law which would obviate proof of causation in an automobile manslaughter case.

For the reasons outlined above, we conclude that driving while intoxicated and manslaughter by automobile are separate and distinct offenses under the "required evidence" test. Accordingly, that prong of appellant's double jeopardy claim must fail.[1]

It should also be noted that even if the State actually adduced no more evidence than appellant's drunkenness to show the gross negligence element of manslaughter by automobile, there would still not be double jeopardy because the "required evidence" necessary to prove the two offenses remains legally distinct even though the "actual evidence" is

---

[1]. Appellant did not develop a double jeopardy argument under the "required evidence" test respecting his conviction for failure to exercise due care to avoid colliding with a pedestrian. We would note that this offense is also distinct from manslaughter by automobile, inasmuch as the former offense requires a specific class of victim and only simple negligence while the latter requires evidence of "gross negligence" and the *death* of *any* person.

factually similar. The Supreme Court rejected an "actual evidence" test for purposes of double jeopardy in *Harris v. United States,* 359 U. S. 19 (1959). *See Newton, supra,* at 271.

Appellant also argues that since one of the policies behind the double jeopardy concept is that the government act with fundamental fairness, we should find that he has been placed in double jeopardy if we find he has been treated unfairly. The short answer to this tautologous argument is that we not only disagree with the notion that a showing of unfairness alone can invoke double jeopardy protection, but also do not see in this case that appellant has been treated unfairly or that the State acted in bad faith.

Appellant's final contention is that the State is estopped from prosecuting him for manslaughter by automobile. Although appellant concedes that historically the doctrine of equitable estoppel has not been applied to criminal proceedings in Maryland, he nonetheless urges that we apply it here because he relied, to his detriment, on the letter written by the Baltimore County State's Attorney stating that she did not intend to prosecute him for manslaughter by automobile.

Appellant claims that his detrimental reliance consisted of electing not to testify in his own behalf and submitting no defense witnesses at his trial in the district court. There are several problems with this argument. First, it is not clear how appellant could rely at all on a letter addressed to someone other than himself. No assurances were made to him. Assuming, however, that he could so rely, it is not clear how his tactical decisions demonstrate a reliance that was based on a decision by the State not to prosecute, despite the letter. The apparent purpose of these tactical decisions was to keep any potentially damaging information out of the record.

Finally, assuming that appellant could and did detrimentally rely on the written statement of the state's attorney, it is unclear how this would affect the well established right of the grand jury to investigate and present an indictment even when the state's attorney has not initiated the proceedings. *See Brack v. Wells,* 184 Md. 86 (1945). For

these reasons, we find no merit in appellant's estoppel argument.

*Judgments affirmed; costs to be paid by appellant.*