David H. SMITH

v.

**WARDEN, MARYLAND PENITENTIARY.**

Civ. A. No. Y–79–1242.

United States District Court,
D. Maryland.

Sept. 7, 1979.

David H. Smith, pro se.

Stephen Rosenbaum, Asst. Atty. Gen., Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

JOSEPH H. YOUNG, District Judge.

On July 2, 1979, the petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking collateral relief from convictions entered in 1974 in the Circuit Court for Montgomery County (the Honorable John J. Mitchell, presiding with a jury), on charges of kidnapping, conspiracy to rape, armed robbery, assault, and use of a handgun. On direct appeal, his convictions were affirmed in a *per curiam* opinion of the Court of Special Appeals, *Smith v. State*, No. 307, September Term, 1974 (Jan. 28, 1975). Certiorari was denied by the Court of Appeals on April 7, 1975, *Smith v. State*, Misc. Docket No. 336 (Criminal), September Term, 1974. Collateral relief was denied as to petitioner's first post-conviction petition in a 13-page opinion filed by the Honorable John F. McAuliffe, Judge of the Circuit Court for Montgomery County, on February 23, 1976. Leave to appeal was denied by the Court of Special Appeals on March 15, 1976, *Smith v. State*, No. 7, September Term, 1976 (per curiam). In his

second post-conviction petition, the petitioner raised double jeopardy claims based upon the holding of the Court of Appeals of Maryland in *Newton v. State*, 280 Md. 260, 373 A.2d 262 (1977). That petition was denied by Circuit Judge Latham's opinion filed November 9, 1977, leave to appeal from which was denied *per curiam* by the Court of Special Appeals in *Smith v. State*, No. 169, September Term, 1977 (Dec. 7, 1977).

Petitioner filed a third petition for post conviction relief on May 9, 1978, setting forth the allegation which is the sole one he raises in his current federal petition. The contention is that his confession, given prior to his initial appearance before a state judicial officer, was not properly admitted into evidence because that initial appearance was delayed beyond 24 hours from the time of his arrest. Under the rule in *Johnson v. State*, 282 Md. 314, 384 A.2d 709 (1978), argues the petitioner, the violation of Maryland District Rule 709 [1] that occurred in his case requires exclusion of his confession and, consequently, reversal of his convictions. In an opinion filed July 24, 1978, relief was denied on this contention by the Honorable William M. Cave, Judge of the Circuit Court for Montgomery County. On appeal, the Court of Special Appeals affirmed the denial of Smith's post-conviction petition, *Smith v. State*, No. 100, September Term, 1978 (Dec. 12, 1978) (per curiam). From that opinion, a copy of which is appended hereto, it is clear that the Maryland courts have declined to apply their rule in *Johnson, supra,* retroactively. Unless that decision violates some federal constitutional safeguard to which Smith is entitled, this Court will not reach a different result. *Grundler v. North Carolina*, 283 F.2d 798 (4th Cir. 1960).

It is clear from the opinion of the Court of Appeals in *Johnson* that the rule promulgated therein was not constitutionally compelled, but was, rather, an exercise of that court's supervisory authority over the administration of criminal justice in Maryland. Indeed, this was recognized by the Court of Special Appeals when it affirmed denial of Smith's post-conviction petition: "Thus the rule set forth in *Johnson v. State, supra,* was the exercise of the supervisory power of the Court of Appeals rather than the determination of a heretofore unrecognized constitutional standard." *Smith v. State, supra,* Slip Op. at 3. In this respect, the Maryland rule promulgated in *Johnson* is no different from the so-called *McNabb-Mallory* rule enunciated by the Supreme Court in the cases of *McNabb v. United States*, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943) and *Mallory v. United States*, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957). *McNabb* established a *per se* exclusionary rule for confessions obtained during a period of unnecessary delay in bringing a federal prisoner before a United States Commissioner for an initial appearance. That rule was expressly identified by Mr. Justice Frankfurter as emanating from the Supreme Court's exercise of its "supervisory authority over the administration of criminal justice in the federal courts . . ." 318 U.S. at 341, 63 S.Ct. at 613. Similarly, *Mallory,* which reinforced the *McNabb* rule, was not a decision based upon constitutional considerations, but, rather, simply construed and applied the provisions of Rule 5 of the Federal Rules of Criminal Procedure. Indeed, the Court of Appeals of Maryland recognized in *Johnson* that the *McNabb-Mallory* rule, not being a constitutional rule, is not binding on the states. *Johnson, supra,* 282 Md. at 323, 384 A.2d 709.

In that the *Johnson* rule is solely a matter of state law and implicates no federal constitutional right, this Court will defer to the decision made in the petitioner's case by the Court of Special Appeals of Maryland. Thus, the petitioner having alleged no violation of any federally protected right, is not eligible for federal habeas corpus relief. 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 96 S.Ct. 175, 46 L.Ed.2d 162 (1975) (per curiam); *Grundler v. North Carolina, supra.*

For the reasons stated, it is, this 7th day of September, 1979, by the United States

---

1. Now Maryland District Rule 723.

District Court for the District of Maryland, ORDERED:

1. That the petition of David H. Smith for federal habeas corpus relief BE, and the same hereby IS, DENIED and DISMISSED, with prejudice; and

2. That the Clerk of Court inform petitioner and Stephen Rosenbaum, Esquire, Assistant Attorney General of Maryland, of the entry of this Memorandum and Order.

### APPENDIX

### DAVID H. SMITH
v.
### STATE OF MARYLAND
Application for Leave to Appeal

Post Conviction No. 100.

September Term, 1978.

Court of Special Appeals of Maryland.

Filed: December 12, 1978.

Before GILBERT, C. J., and MORTON and THOMPSON, JJ.

PER CURIAM.

David H. Smith, the applicant, was convicted in the Circuit Court for Montgomery County (Mitchell, J.), of kidnapping, conspiracy to commit rape, armed robbery, assault, the use of a handgun in the commission of a crime and unlawful possession of a handgun. He was committed to the custody of the Division of Correction for consecutive periods of thirty years for the kidnapping, twenty years for the conspiracy and twenty years for the robbery with concurrent commitments of one year for the assault, five years for the use of a handgun and three years for the possession of a handgun. The judgment of the Circuit Court for Montgomery County was affirmed in an unreported per curiam opinion *Smith v. State*, No. 307, September Term, 1974, filed January 28, 1975. On October 9, 1975, the twenty year sentence for robbery was made concurrent to the other sentences resulting in a total effective sentence of fifty years.

On May 10, 1978, a third petition under the Uniform Post Conviction Procedure Act was filed by the applicant in the Circuit Court for Montgomery County. The petition was denied on August 3, 1978, by the Circuit Court for Montgomery County (Cave, J.). The applicant now seeks leave to appeal Judge Cave's ruling.

In the instant case, the record before us shows that some four hours after the applicant was apprehended, he gave, after proper warnings, an inculpatory statement. Thereafter a period of two days elapsed before the applicant was taken before a judicial officer. The statement was subsequently admitted into evidence at trial.

The applicant relying on *Johnson v. State*, 282 Md. 314, 384 A.2d 709 (1978), contends that the statement should not have been admitted since it was obtained in contravention of Maryland District Rule 723 (formerly Maryland District Rule 709).

The opinion of the hearing judge stated: "[T]he statement was made within a period of some three hours, four at the outset from the time of arrest and, thereafter, that if, in fact, Petitioner was not taken before a commissioner for a period of two days or, indeed, if he had never been taken before a commissioner, that does not affect the admissibility of any statement taken prior to the exclusionary time for unnecessary delay."

The Court of Appeals in *Johnson v. State*, *supra*, said at 282 Md. 329, 384 A.2d 718: "[A] truly spontaneous 'threshold' confession or statement uttered at the time of arrest or shortly thereafter would not be excludible on the grounds that police *subsequently* failed to act diligently in complying with M.D.R. 723 a. In such cases there is manifestly no connection between the delay and the statement, and since police misconduct does not in any way contribute to the making of the confession, the exclusionary rule would logically not apply."

In the instant case we do not consider that a statement made three or four hours after the arrest is the type of truly spontaneous utterance which is automatically excepted from the operation of the exclusionary rule.

The Court of Appeals in *Johnson v. State, supra,* said at 282 Md. 329, 384 A.2d 717:

"We therefore hold that any statement, voluntary or otherwise, obtained from an arrestee during a period of unnecessary delay in producing him before a judicial officer, thereby violating M.D.R. 723 a, is subject to exclusion when offered into evidence against the defendant as part of the prosecution's case-in-chief. A statement is automatically excludible if, at the time it was obtained from the defendant, he had not been produced before a commissioner for his initial appearance within the earlier of 24 hours after arrest or the first session of court following arrest, irrespective of the reason for the delay. Where, however, the delay in presentment falls within the outer limits established by M.D.R. 723 a, it is incumbent upon the trial court to determine whether the State has met its burden of showing that the delay was necessary under the circumstances of the particular case."

In the instant case we cannot determine from the record before us whether:

a) the inculpatory statement was obtained prior to "the first session of court following the arrest" and therefore would have been automatically excludable under *Johnson v. State, supra.*

b) if it was within the outer limits set forth in *Johnson v. State, supra,* and the State established that the only delay in taking the applicant before a judicial officer was necessary under the circumstances of the case.

Nevertheless we note that in the applicant's case, the verdict was returned on March 13, 1974, prior to the decision of the Court of Appeals on April 6, 1978, in *Johnson v. State, supra,* where the Court of Appeals said at 282 Md. 328, 384 A.2d 717:

"In our opinion the protection of the right of an accused to prompt production before a judicial officer following arrest will be most effectively accomplished by a per se exclusionary rule. Not only is such a rule calculated to deter unlawful detentions and to preserve the integrity of the criminal justice system, but it is likely to assure more certain and even-handed application of the prompt presentment requirement and will provide to trial courts, the bar and law enforcement officials greater guidance as to the permissible limits of custodial interrogation prior to an initial appearance."

Thus the rule set forth in *Johnson v. State, supra,* was the exercise of the supervisory power of the Court of Appeals rather than the determination of a heretofore unrecognized constitutional standard. Thus there is no reason for the holding in *Johnson v. State, supra,* to be given retrospective application.

Moreover in *Smith v. State, supra,* we said:

"Judge Mitchell found by a preponderance of the evidence that the appellant's confession was freely and voluntarily given. The appellant's claim that he was 'tricked' into coming into Maryland, even if true, would not derogate from the voluntariness of the confession, since even an unlawful arrest will not taint an otherwise voluntary confession."

Furthermore, since the former Maryland District Court Rule 709 was in effect at the time of the applicant's apprehension, we consider that the applicant waived the issue by failing to raise the question of delay either in his direct appeal or in his initial post conviction petition.

**LEAVE TO APPEAL DENIED.**