JEWELL ET AL. *v.* STATE

(Two Appeals in One Record)

[No. 203, September Term, 1957.]

*Decided March 24, 1958.*

112

The cause was argued before HENDERSON, PRESCOTT and HORNEY, JJ.

*Thomas B. Yewell* for the appellants.

Submitted on brief by *C. Ferdinand Sybert, Attorney General, Joseph S. Kaufman, Assistant Attorney General,* and *Blair H. Smith, State's Attorney for Prince George's County,* for the appellee.

PER CURIAM:

The judgment and sentence as to each defendant is affirmed with costs. Since the conviction of the defendants of grand larceny of a shotgun has to be based on the belief that the gun had a value of one hundred dollars or more, we are unable to rule, on the evidence offered, that the lower court was clearly erroneous in finding a verdict of guilty.

The contention of the defendants that it was error to allow a deputy sheriff to corroborate the valuation placed on the gun by the owner is without merit. The deputy was qualified to express an opinion with respect to the value of the gun as is shown by the preliminary examination conducted to establish his qualifications to testify as an "expert". Sufficient knowledge having been previously shown, a witness who is familiar with the value of personal property is competent to testify with respect to such value. But, even if the testimony of the so-called expert is disregarded, there remained sufficient evidence to sustain the conviction of grand larceny. Although the owner admitted on cross-examination that he had bought the gun at a bargain for fifty dollars, he had previously testified on direct examination that it was worth one hundred and ten dollars on the open market. The defendants concede that the owner had a right to testify as to the value of the gun to him, which he did not do, but insist that his statement as to the market value was insufficient to convict

them of the higher grade of larceny. There was no evidence that the gun was worth less than one hundred dollars at the time it was stolen. Generally, the market value of the gun, and not its cost or its worth to the owner, is the proper basis of comparison to use in determining value in order to establish the grade of the offense.

The defendant, William J. Rawlings, admitted theft of the gun, but the defendants, John L. Jewell and Frank L. Jewell, who are brothers, claim that the evidence was not sufficient to implicate them inasmuch as they did not participate as principals. There is no merit to this contention. The Jewells were present when the gun was taken by Rawlings and placed in the automobile operated by one of the brothers, and all of the defendants drove away together. When apprehended they were still together and the gun was partially concealed in the collapsed convertible top of the automobile. In the interim they had tried to sell the gun for five dollars. The evidence was sufficient to convict the Jewells as principals, as well as Rawlings, under Code (1957), Art. 27, sec. 340.