## BENTON *v.* STATE
[No. 219, September Term, 1961.]

*Decided April 12, 1962.*

310

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ.

*Edward A. Palamara* and *Charles W. Bell,* with whom were *Bell & Palamara* on the brief, for appellant.

*Robert F. Sweeney, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *William L. Kahler* and *Frank P. Flury, State's Attorney* and *Deputy State's Attorney* respectively, *for Prince George's County,* on the brief, for appellee.

PER CURIAM.

The defendant-appellant was convicted by the trial court, sitting without a jury, of grand larceny. He contends in this Court that the evidence produced by the State was insufficient to establish beyond a reasonable doubt that the property stolen had a fair market value of $100.00 or more at the time of its theft.

To establish the fair market value of the goods stolen, twenty-four used radiators, the State called as its witness Mr. Herbert T. Bergner, from whom the radiators had been taken. Mr. Bergner testified, after an objection by the defendant regarding his qualification as an expert witness was overruled, that the fair market value of the radiators was "about six dollars apiece." Subsequently he testified that he bought "junked cars" and said, referring to radiators, that "lots of them come off junked cars that I buy * * *." He then said that he had sold several used radiators similar to those stolen "for eight dollars apiece" about a year before.

The State also called as its witness Mr. Warren Gross, a scrap-yard manager. Mr. Gross testified that he purchased twenty-four radiators from the defendant for $67.50 two days after the theft from Mr. Bergner.

This Court has in the past held in civil cases that the owner of property can testify as to its value as owner, without expert qualification. *State Roads Comm. of Md. v. Novosel,* 203 Md. 619, 624-625; *Jackson v. Linthicum,* 192 Md. 272, 276; *Pa. Threshermen, etc., Cas. Ins. Co. v. Messenger,* 181 Md. 295, 302. See also 3 *Wigmore, Evidence* (3d ed.), Sec. 716; Annotation, 37 A.L.R. 2d 967. This Court has indicated, moreover, that a similar rule applies in criminal cases, *Jewell v. State,* 216 Md. 110, 112-113, and the cases in this country are generally in accord with this view. See Annotation, 37 A.L.R. 2d 967, 1000.

The defendant contends that Mr. Bergner's statement regarding the value of the radiators stolen from him was "speculative and conjecture" because he used the word "about" preceding the words "six dollars." No objection to his testimony was made on this ground, and, in any event, we think it clear from a reading of his entire testimony that Mr. Bergner was stating an estimate of the fair market value of the radiators, from which the trier of fact properly could conclude that their value was $100.00 or more.

*Judgment affirmed, with costs.*