500 A.2d 341

**Frederick Allen CHRISTIAN**

**v.**

**STATE of Maryland.**

**No. 169, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Nov. 18, 1985.

Certiorari Granted Feb. 26, 1986.

Thomas J. Saunders, Dist. Public Defender, Towson (Alan H. Murrell, Public Defender, Baltimore, on the brief), for appellant.

Jillyn K. Schulze, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, Sandra A. O'Connor, State's Atty. for Baltimore County and Karen Williamson, Asst. State's Atty. for Baltimore County, Towson, on the brief), for appellee.

Argued before MOYLAN, WILNER, and GARRITY, JJ.

GARRITY, Judge.

Aside from our review of the merits of the conviction in this matter, we have been asked to determine whether a trial court, prior to sentencing, may properly reconsider and rescind its order for a new trial.

## Background

On May 3, 1985, the appellant, Frederick Christian was convicted by a jury in the Circuit Court for Baltimore County (Sfekas, J. presiding) of daytime housebreaking, theft of goods valued at over $300, and malicious destruction of personal property. He was sentenced to the jurisdiction of the Division of Correction for a period of five years

on the housebreaking charge, a consecutive term of four years on the theft charge, and a concurrent term of one year on the malicious destruction charge.

At the trial, Mr. Gordon Rinehart testified that he was at home on February 20, 1984, at approximately 4:30 p.m., when he noticed appellant and another man alight from a blue Buick, place a rag over the rear license plate, and walk into the apartment building where he (Mr. Rinehart) resided. A short time later, Mr. Rinehart heard "two loud booms" and went back to the window. He advised the jury that he then "watched the defendant and a shorter individual come out of the apartment complex with James's (the victim, James Flood) 25-inch color TV set, put it in the back seat, jump in the automobile and speed off." Another neighbor, Mr. Jerome Cook, testified that he "heard a big commotion" and looked out his window. He observed two individuals, one of whom he identified as the appellant, carrying a television and placing it in a blue Buick before it sped off. Mr. Cook further stated this his neighbor's apartment (Mr. Flood's) appeared to have been ransacked and left in disarray. He explained that "you could see where the TV was missing at because he had cable hooked up to it and they broke the cord off of that to get the TV set." Without objection, both Mr. Rinehart and Mr. Cook positively identified the appellant as one of the individuals involved in the incident.

The victim, Mr. James Flood, testified that the door to his apartment had been pried open and the lock seat splintered off. He found his apartment to have been ransacked and his color television set, which he valued at approximately $420, missing.

Prior to the sentencing, the trial court granted a new trial on the grounds that on discovery the State had failed to disclose a statement the appellant had made to the victim. Four and one-half months later, still prior to sentencing, the trial court rescinded its order granting a new trial. The basis of the reconsideration was the holding in *White v. State*, 300 Md. 719, 481 A.2d 201 (1984). The Court held

therein that "the State is not required to produce a copy of a statement by the defendant unless it was made to a State agent and is one which the State intends to use at a hearing or trial." 300 Md. at 733, 481 A.2d 201.

We are asked to review the following questions:

1. Whether the trial court had jurisdiction to rescind its order granting a new trial.

2. Whether the court erred in allowing the owner of a stolen television set to testify as to its value without first laying a foundation as to his knowledge of value.

3. Whether the evidence was sufficient to support the convictions.

4. Whether the trial judge erred in failing to merge malicious destruction of property with that of the breaking and entering charge.

5. Whether a court reporter failed to transcribe portions of the testimony.

## I.  *Revocation of New Trial Order*

■ Appellant contends that the trial judge lacked power to revise his new trial order.  The State argues, as the court below decided, that the court had power to revoke its new trial order, and that such authority was confirmed in *Williamson v. State*, 25 Md.App. 338, 333 A.2d 653 (1975).

In *Williamson*, the defense counsel had argued for a new trial on the basis that a judgment of acquittal should have been granted.  The trial judge became somewhat upset when a newly assigned assistant state's attorney was unprepared to discuss the matter.  Apparently, the prosecutor who had actually tried the case was no longer with the office.  The judge thereupon declared that "I will grant your motion for a new trial...."  After the State strongly protested, the judge acquiesced and allowed a two-day continuance on the motion.  At the hearing, the judge determined not to grant a new trial and proceeded to impose sentence.  Williamson thereupon appealed and contended that the judge had improperly revised his new trial order.

In considering that set of facts, we purposefully refrained from making a broad declaration of the revisory power of courts over new trial orders. We stated:

Appellant acknowledges that the majority of jurisdictions permit reconsideration of the grant of a motion for new trial, 24 C.J.S., *Criminal Law,* § 1510, 58 Am.Jur.2d, *New Trial,* § 217, but argues that the Maryland rule should be that once the motion is granted, reconsideration is prohibited. Although there may be situations where reconsideration of the grant or denial of a new trial is arguably inappropriate, the present case is clearly not such a situation. Sentencing had not taken place, thus judgment had not been entered. *Id.* at 348, 333 A.2d 653.

On the basis of the trial judge's actions and expressions in *Williamson,* we interpreted his original declaration as a mere expression of future intention to grant the motion, rather than a present order. Writing on our behalf, Judge Lowe observed: "Even if the motion had been granted, the reversal of that decision was within the trial judge's discretion under the circumstances indicated. Annot., 145 A.L.R. 400."

■ We hold that in a criminal matter, whenever there is a conviction, there is no final judgment until sentencing, and that prior thereto, a judge may reconsider his order granting a new trial.

## II. *The Trial*

### A. *Owner's Testimony as to Value*

■ Appellant next contends that the trial judge should not have admitted the owner's valuation of the stolen property. He avers that the State failed to establish a sufficient foundation to qualify the owner to express such an opinion. Specifically, the owner of the property testified that the television set had a value of approximately $420.

It is well settled in this State that an owner of personal property in common use may express an opinion as to its value without qualification as an expert.... The rule applies in criminal as well as civil cases. *Jewell v. State,*

216 Md. 110, 112 [139 A.2d 707] (1958); *Shipley v. State,* 220 Md. 463, 466 [154 A.2d 708] (1959); *Benton v. State,* 228 Md. 309, 311 [179 A.2d 718] (1962). The rule is almost universally recognized. *See* Underhill, *Criminal Evidence* (5th ed.) § 603, p. 1474; Wigmore, Evidence (3rd ed.) § 176; 2 Wharton, *Criminal Evidence* (12th ed.) § 550. The cases are collected in an exhaustive note, 37 A.L.R.2d 967. Wigmore, in an often quoted passage, seems to take the position that an owner is qualified *per se* and that any lack of knowlege goes only to the weight of the evidence.

*Barber v. State,* 23 Md.App. 655, 657, 329 A.2d 760, *cert. denied* 274 Md. 725 (1974), quoting from *Cofflin v. State,* 230 Md. 139, 142, 186 A.2d 216 (1962).

Within *Barber, supra,* we further discussed modifications of these rules. Specifically, in quoting from *3 Wigmore on Evidence* § 716 (1970), we noted that "the general test, that *any one familiar* with the values in question may testify, is liberally applied, and with few attempts to lay down detailed minor tests." 23 Md.App. at 658, 329 A.2d 760 (emphasis supplied). The jury was thus free to find the value of the television set to be as claimed.

We hold that Mr. Flood, the owner of the television set, could properly testify as to its value.

B. *Merger*

■ Appellant next claims that the trial judge improperly failed to merge the malicious destruction charge with that of breaking and entering. As appellant correctly notes, "If each offense required proof of a fact which the other does not, the offenses are not the same and do not merge." *Newton v. State,* 280 Md. 260, 268, 373 A.2d 262 (1977).

We need go no further than an examination of the first element, the required intent, to distinguish the offenses. Malicious destruction requires proof that the accused had a specific intent to destroy, injure, deface or molest the real or personal property of another. The crime of breaking and entering requires proof of the accused's specific intent to

break and enter the dwelling house of another. Clearly, the intent to break and enter is different from an intent to destroy, injure, deface or molest the property of another.

## C. *The Jury's Verdict*

██ Appellant further avers that the evidence was insufficient to support the jury's verdict of conviction. Specifically, he contends that, because one of the State's witnesses observed three perpetrators and the other saw only two, the evidence lacked probative force. Such a determination, however, is a matter within the sole province of the jury. The conflicting testimony was a factual issue for the jury to weigh. *McLaughlin v. State,* 3 Md.App. 515, 526, 240 A.2d 298 (1968).

## D. *Transcribing Discrepancies*

Finally, appellant alleges that the court reporter failed to transcribe portions of the record. We are unable to discern any deficiencies in the record as alleged. The record appears complete. At worst, any such failure would appear to be harmless error. *See, e.g., Dorsey v. State,* 276 Md. 638, 659, 350 A.2d 665 (1976).

JUDGMENTS AFFIRMED.

COSTS TO BE PAID BY APPELLANT.