535 A.2d 963

**STATE of Maryland**

v.

**James Anthony DESPERTT.**

**No. 560, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

Jan. 14, 1988.

Mary Ellen Barbera, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, Andrew L. Sonner, State's Atty. for Montgomery County and Constance Junghans, Asst. State's Atty. for Montgomery County on the brief, Rockville, for appellant.

Robert J. Pleshaw, Washington, D.C., for appellee.

Submitted before GILBERT, C.J., and BISHOP and WENNER, JJ.

GILBERT, Chief Judge.

Paraphrasing Gertrude Stein,[1] "An acquittal is an acquittal is an acquittal is an acquittal" which, if reprosecuted, constitutes double jeopardy, double jeopardy, double jeopardy, double jeopardy.

James A. Despertt was indicted by the grand jury for Montgomery County for the offenses of 1) daytime housebreaking, 2) theft, and 3) conspiracy to commit daytime housebreaking. Despertt opted for a non-jury trial in the circuit court before Judge James McAuliffe, at which the State elected to make an opening statement. When the prosecutor concluded that statement, the judge warned that unless there was more to the case than the statement revealed he would acquit Despertt on the basis of the prosecutor's remarks. The State requested a short recess, following which the State garnished its original opening comments. Notwithstanding the embellishment, the judge once again expressed his inclination to acquit if the State had nothing more to add. The prosecutor then showed Judge McAuliffe several photographs which the State planned to offer as evidence. The judge was apparently as unimpressed with the photographs as he had been by the arguments made by the prosecutor. Judge McAuliffe opined:

"I am convinced, on the basis of the opening statement, and giving the State the opportunity to put forward everything that the State has said it would prove, and taking every inference that I could from what the State has said, that the State's proof falls short of establishing, certainly beyond a reasonable doubt.

In addition, and perhaps as a part of that doctrine, but a very significant part of it, it leaves open one very, very large hypothesis of innocence."

After calling the arresting officers into the courtroom and explaining his reasoning, Judge McAuliffe announced:

---

**1.** See Ms. Stein's *Sacred Emily* (1913).

"The defendant [Despertt] is found not guilty, and Court is adjourned."

Undeterred by that pronouncement, the State, one week later, obtained another indictment against Despertt which was grounded on the same facts as the first indictment. Chagrined at the State's ploy, Despertt moved to dismiss the indictment because it violated his common law and Federal constitutional right to be protected against double jeopardy. At the hearing on Despertt's motion to dismiss, Judge William Miller ruled that the prior judgment of acquittal barred re-prosecution, and he dismissed the indictment. The State appealed the dismissal.[2]

■ The Fifth Amendment to the United States Constitution, which prohibits the placing of a defendant in jeopardy twice for the same offense, has been made applicable to the states through the Due Process Clause of the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1959). Long before *Benton*—even before the adoption on December 15, 1791, of the Fifth Amendment to the Constitution—Maryland adhered to the common law principle that "no man is to be brought into jeopardy of his life more than once for the same offence." 4 Blackstone, "Commentaries" 335. The Court of Appeals repeated that tenet in *State v. Shields*, 49 Md. 301, 303–04 (1878):

"It has always been a settled rule of the common law that after an acquittal of a party upon a regular trial on an indictment for either a felony or a misdemeanor, the verdict of acquittal can never afterwards, on the application of the prosecutor, in any form of proceeding, be set aside and a new trial granted, and it matters not whether such verdict be the result of a misdirection of the judge or a question of law, or a misconception of fact on the part of the jury. 2 Hales P.C. 310, 2 Hawks P.C., Book 2 Ch. 47, sec. 12; 3 Whart.Cr.Law, sec. 3221; 1 Bishop's

---

2. Courts and Judicial Proceedings Article, § 12–302(c)(1).

Cr.Law, secs. 992, 993. This cardinal rule has been clearly and definitely established in England, and has never been modified by legislation there, nor in any other State in the Union, nor indeed, so far as we are aware, in any other country where trial by jury under the common law prevails."

It is axiomatic that "before there can be double jeopardy, there must be jeopardy." *In Re Bennett,* 301 Md. 517, 524, 483 A.2d 1242 (1984). Jeopardy normally attaches in a non-jury trial when the trial commences, and that form of trial commences, the Court said in *Blondes v. State,* 223 Md. 435, 444, 330 A.2d 169 (1975), "when the judge begins to hear or receive evidence." It is, of course, beyond serious question that jeopardy attaches when the trial judge has entered a final judgment of not guilty. Only an invalid indictment, information, or other charging document, or lack of trial court jurisdiction permits the State to attack a final judgment of acquittal. *Fong Foo v. U.S.,* 369 U.S. 141, 143, 82 S.Ct. 671, 672, 7 L.Ed.2d 629 (1962).

The State in the matter now before us made no effort before Judge Miller to assert the invalidity of the first indictment of Despertt or to challenge the jurisdiction of the Circuit Court for Montgomery County to have proceeded on the basis of that particular indictment. The Supreme Court in *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 571, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642 (1977), said: "Perhaps the most fundamental rule in the history of double jeopardy jurisprudence has been that '[a] verdict of acquittal ... could not be reviewed, *on error or otherwise,* without putting [a defendant] twice in jeopardy, and thereby violating the Constitution [emphasis added],' citing *United States v. Ball,* 163 U.S. 662, 671, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1896). Even an acquittal "based upon an egregiously erroneous foundation" is not reviewable. *Fong Foo,* 369 U.S. at 143, 82 S.Ct. at 672.

Attempting to circumvent the Federal and common law proscription against double or former jeopardy, the State asserts that jeopardy did not attach in the proceeding

before Judge McAuliffe because the judgment of acquittal was improperly bottomed on an opening statement of counsel. Although there was language in *White v. State,* 11 Md.App. 423, 274 A.2d 671 (1971), that at first blush appeared to permit a directed verdict on opening statement, *Goff v. Richards,* 19 Md.App. 250, 252–53, 310 A.2d 203 (1973) (footnotes omitted), unequivocally declared, *"White* does not stand for the proposition that in this State a trial judge may grant a directed verdict based upon opening statement of counsel.... [T]rial judges in this State shall not direct verdicts on opening statement." Lest there be any lingering doubt, we hold that the granting of a judgment of acquittal on opening statement is improper. Impropriety, however, does not remove the impregnable double jeopardy barrier to re-prosecution that a judgment of acquittal erects. *Fong Foo, supra.*

Whatever the Federal practice may be,[3] no trial judge in Maryland, whether presiding in a criminal case (*see White*) or civil case (*see Goff*), may direct or enter a verdict based solely on opening statement of counsel. A review of the record discloses that the judge did not acquit Despertt *solely* upon the basis of the prosecutor's opening statement.

The State focuses attention upon the fact that after the opening statement but before any witnesses were sworn the judge handed down his verdict of "not guilty." Opening statements, as the State correctly observes, are discretionary and have no binding force or effect. Hence, those statements need not set out facts sufficient to establish a *prima facie* case of guilt.[4] *White v. State,* 11 Md.App. at 430, 274 A.2d 671. That is one of the reasons that judgment may not be entered *solely* on the basis of those statements.

---

**3.** *Best v. District of Columbia,* 291 U.S. 411, 54 S.Ct. 487, 78 L.Ed. 882 (1934).

**4.** Nevertheless there are those who contend that a case may be won or lost on opening statement.

The proper focus of attention should not be on the opening statement, as the State appears to believe, but rather upon the State's offering, albeit ever so informal, the twelve photographs to the judge to view. Judge McAuliffe looked at the photographs. He also allowed the prosecutor to explain the exhibits to him and then make a further argument.

A judge in a non-jury trial occupies a dual role: 1) trier of fact and 2) judge of the law of the case. *State v. Hutchinson*, 260 Md. 227, 231, 271 A.2d 641 (1970). Judge McAuliffe, acting in his role as judge of the law of the case, however informally, admitted the photographs as evidence. As trier of fact, he weighed the evidence and found it wanting. The result was that he adjudged Despertt "not guilty."

"[A] verdict of not guilty, whether rendered by a jury or *directed* [or entered] *by the trial judge, absolutely* shields the defendant from retrial." *Tibbs v. Florida*, 457 U.S. 31, 41, 102 S.Ct. 2211, 2218, 72 L.Ed.2d 652 (1982) (emphasis added). Since Despertt was found "not guilty" on the first indictment, it follows that Judge Miller correctly dismissed the State's second seemingly desperate effort to try the appellee for the same offenses of which he had been earlier acquitted.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY MONTGOMERY COUNTY.