545 A.2d 103

### Vincent C. MIDDLETON

v.

### STATE of Maryland.

### No. 1488, Sept. Term, 1987.

Court of Special Appeals of Maryland.

Aug. 5, 1988.

Certiorari Granted Oct. 26, 1988.

Patrick D. Hanley, Assigned Public Defender, Towson (Alan H. Murrell, Public Defender, Baltimore, on the brief), for appellant.

Richard B. Rosenblatt, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, Andrew L. Sonner, State's Atty. and John J. McCarthy, Asst. State's Atty. for Montgomery County on the brief, Rockville), for appellee.

Argued before BISHOP, GARRITY and ROBERT M. BELL, JJ.

GARRITY, Judge.

We shall examine the issue of whether the vacation of a guilty verdict as a predicate to an award of a new trial bars reconsideration, and ultimately reinstatement of the verdict, on the grounds of double jeopardy.

### Factual Background

At 2:15 a.m. on July 9, 1986, the seventeen-year-old victim voluntarily accompanied Vincent C. Middleton (the appellant), after meeting him outside a bar, to his apartment located in Montgomery County. Once there, the victim helped the appellant fold his clothing and carry it into his bedroom where she began watching television. The appellant then left the room and returned clad only in his boxer shorts.

The prosecutrix testified that when she cautioned the appellant "not to get too comfortable," and told him that she was "ready to go," the appellant laid down on the bed and dragged her down on top of him. The appellant attempted, unsuccessfully, to remove the victim's clothing. After the victim refused the appellant's request to engage in sexual activity, the appellant withdrew a handgun from a duffle bag. The victim testified that the appellant forced her into a closet, closed its door and brandished a handgun in her face while threatening to use it if she did not submit. The young victim testified that she attempted to scream, but nothing came out. She subsequently submitted to the appellant and engaged in sexual activity, including vaginal intercourse. Upon being taken to the home of a friend, she called the police.

The appellant was charged with having committed first and second degree rape, first and second degree sexual offense, attempted first and second degree sexual offense, and of use of a handgun in the commission of a crime of violence. He was tried by a jury in the Circuit Court for Montgomery county (Weinstein, J., presiding). The jury convicted the appellant of first [1] and second degree rape and

---

1. Md.Code Ann. art. 27, § 462, provides, in pertinent part:
   A person is guilty of rape in the first degree if the person engages in vaginal intercourse with another person *by force or threat of force* against the will and without the consent of the other person and:
   1) Employs or. displays a dangerous or deadly weapon or an article which the other person reasonably concludes is a dangerous or deadly weapon; or

attempted first and second degree sexual offense, but acquitted him of first and second degree sexual offense, and use of a handgun in the commission of a crime of violence. The appellant moved for a new trial. One of the arguments he asserted in support of the motion was that his acquittal on the handgun charge "should have precluded the jury from finding guilt as to the first degree rape charge."

When the matter came before the court for disposition and for hearing on the new trial motion, in addition to arguing the merits of the new trial motion, the appellant orally moved to strike the first degree rape guilty verdict. Once again, he relied upon the inconsistency of the jury's findings as to the first degree rape and the handgun charge. After hearing from the State, apparently agreeing with the appellant's argument, the court vacated the first degree rape verdict over the State's objection, ruling:

All right. With respect to your Motion For a New Trial, that is denied.

With respect to your motion regarding the use of a handgun in the commission of the rape in this case, raising it from the second to first degree rape, I find that your point is well taken, and I grant your motion as to the first degree rape charge.

During a discussion that followed between the court and both counsel, defense counsel maintained that the court's ruling was tantamount to a verdict of not guilty on the first degree rape charge. Although the trial judge, during the discussion, acknowledged that he had found the verdicts to be inconsistent,[2] he denied that his ruling was in effect a

---

(3) *Threatens or places the victim in fear that the victim,* or any person known to the person *will be imminently subjected to death,* suffocation, strangulation, disfigurement, serious physical injury,.... (Emphasis added).

2. MR. McCARTHY [Assistant State's Attorney]: Your Honor, did I understand the basis upon which the Court is going—

finding of not guilty as to first degree rape.[3]  He took the

THE COURT: That it is inconsistent.  They acquitted him or the use of a handgun, which in this particular case was the basis from raising it from 2nd to 1st degree.

MR. McCARTHY: The defense even conceded in their own argument that that is permissible.  The jury can return an inconsistent—

THE COURT: I understand, but what other evidence was there of force, other than this handgun?

MR. McCARTHY: Well, she was pushed back on the bed at some point in time.

THE COURT: I understand, but do you think that would have raised it from 2nd to 1st Degree Murder without the handgun?

MR. McCARTHY: That by itself, absolutely not.  I think the Court is invading the province of the jurors as fact finders in the case.  They reached—

3.    MR. SEVERT: [Defense Counsel]: May I be heard?  My Motion For A New Trial was denied.  My Motion to Set Aside the Finding of Guilty as to Count I, I thought was just granted.

THE COURT; *Well, is that not part of your Motion For A New Trial?  Is that part of your motion?*

MR. SEVERT: *That is,* but I want—

THE COURT; All right.

MR. SEVERT: —to be precise about it because it is important.

THE COURT: All right.  *Well, let me make sure that you understand.  You are asking for a new trial on the grounds of the 1st Degree Rape Charge?*

MR. SEVERT: The Court has denied that, Your Honor.

THE COURT: *No, I denied the other grounds for your Motion For A New Trial, and I am granting it with respect to your argument as to the 1st degree.*

MR. SEVERT: Well, my request, and I thought the Court just granted it, was to set aside the finding and guilt as to Count I, because it is inconsistent.

THE COURT: That is what I did.

MR. SEVERT: Which is tantamount to finding him not guilty.

THE COURT: Why is it tantamount to finding him not guilty?  (Emphasis added).

·       ·       ·       ·       ·

MR. SEVERT: In effect, what you have done is granted what was not done in—which is basically indicating that there was not enough evidence to find him guilty of 1st Degree Rape.

THE COURT: No, your argument was based on inconsistent verdicts.

MR. SEVERT: Right.

THE COURT: I agree with you.

MR. SEVERT: I asked you to correct the verdict.

THE COURT: I am.

MR. SEVERT: By correcting the verdict you find him not guilty.

position that he had merely granted the appellant's motion for new trial as to first degree rape. Agreeing with the appellant that he had vacated the verdict as to the first degree rape charge, the trial judge ultimately stated:

I do not find him not guilty. I find that the verdict was inconsistent vis-a-vis the 1st Degree Rape Charge. Your motion with respect to that is granted.[4]

The court having imposed sentence as to the remaining convicted counts, the appellant noted a timely appeal. Prior to the appellant's noting of the appeal, however, the State filed a motion to reconsider the court's ruling vacating the first degree rape verdict. While the appellant's appeal was pending, the court held a hearing on the State's motion, which it granted and then reinstated the conviction of first degree rape. The appellant was then sentenced on that charge and this appeal followed.[5]

---

THE COURT: No, I vacate the verdict as to the 1st Degree Rape Charge.

4. The docket entry reads: "Hearing On Defendants Motion For New Trial (# 55) (Weinstein, J.) Granted As To Count # 1 (RAPE—First Degree) Vacates Verdict; Denied On All Other Points...."

5. We rendered a decision on the appellant's first appeal on February 24, 1988. *See Middleton v. State*, September Term, 1987, No. 848, Per Curiam. We affirmed the appellant's conviction. Contrary to the State's assertion in its brief, we did not affirm "the propriety of the jury returning a verdict on first degree rape" as that issue was not presented on that appeal; given the procedural posture of the case, the appellant did not appeal and, indeed, could not have appealed, the first degree rape verdict. We did, however, address the issue of the propriety of inconsistent jury verdicts. The appellant had presented the issue whether the guilty verdict on the first-degree sexual offense charge was improper in light of the not guilty verdict on the handgun charge. *See* slip op. p. 1. He argued that, given the victim's testimony that he used a handgun to force her to submit to his sexual advances, the jury necessarily rejected that portion of the victim's testimony when it found him not guilty of use of a handgun in a crime of violence. Citing *Mack v. State*, 300 Md. 583, 593, 479 A.2d 1344 (1984), we held: "Logical consistency in verdicts is not mandated by the law." Slip op. at 7.

## Discussion of Law

The only issue presented on this appeal is whether, having vacated a jury's guilty verdict on the grounds of inconsistency as a predicate to the award of a new trial, the trial court could ultimately, without offending the prohibition against double jeopardy, reinstate that verdict. For resolution of this issue, we look to the effect of the trial court's actions and the decisions in *Pugh v. State*, 271 Md. 701, 319 A.2d 542 (1974) and *Block v. State*, 286 Md. 266, 407 A.2d 320 (1979).[6]

In *Pugh*, the appellant had been charged in two indictments with violations of narcotics statutes. Indictment # 2110 charged him with possession of cocaine, and indictment # 2111 charged him with possession of cocaine with an intent to distribute. Pugh elected to be tried by the court instead of a jury. In rendering his verdict, the trial judge stated:

> So, the verdict is guilty on the first count. Does anybody have the indictment? Guilty in 2110, and not guilty in 2111. I don't think it's in sufficient quantity.

Immediately subsequent to the pronouncement of "not guilty" as to indictment 2111, the following colloquy took place.

> MR. IAMELE: 2111 would be the distribution charge. That's what the State is pressing in this case.
>
> THE COURT: I would be glad to hear from you.
>
> MR. IAMELE: I believe that we have evidence, ample evidence of sale. That's exactly what the State is going after. This man is a distributor of cocaine, and on the night of the 18th of February—

---

**6.** We point out, "consonant with [the Court of Appeals'] consistent holdings, that inconsistent verdicts can stand." *Mack v. State*, 300 Md. 583, 601, 479 A.2d 1344 (1984). *See also Ford v. State*, 274 Md. 546, 553, 337 A.2d 81 (1975). Thus, what we said in appellant's first appeal is equally apposite here, "[l]ogical consistency in verdicts is not mandated by law." Slip op. at 7. It is clear, therefore, that there was no infirmity in the jury verdicts finding appellant guilty of first degree rape, while, at the same time, acquitting him of the handgun charge.

THE COURT: I see what you mean.

MR. IAMELE: —he made a sale.

THE COURT: I was thinking of it in a different way. So, the verdict is guilty of 2111, because it was an actual sale. What I was thinking of was the possession in quantity to indicate a distribution....

The trial court thereupon sentenced Pugh to 12 years imprisonment on the distribution charge. On appeal, the appellant claimed that the evidence was insufficient to convict him and that he had been twice placed in jeopardy.

Writing on behalf of the Court, Judge Eldridge stated:

We agree with the argument in the State's brief that where a judge "obviously inadvertently" says one thing when he means something else, and immediately thereafter corrects himself, a "verdict" would not be rendered for purposes of Rule 742 or the prohibition against double jeopardy. However, the trial judge's initial statement of "not guilty" in this case was not "inadvertent" or a "slip of the tongue." Instead it represented an intended decision based upon the judge's view that the prosecution had failed to prove possession of cocaine in sufficient quantity as to indicate an intent to distribute. When the prosecution then argued that its case was grounded upon an actual sale, rather than an inference of distribution based on possession of the drug in sufficient quantity, the trial judge changed his mind. He decided that, in light of this theory of the prosecution, the evidence was sufficient to show distribution or an intent to distribute the drug.

Once a trial judge intentionally renders a verdict of "not guilty" on a criminal charge, the prohibition against double jeopardy does not permit him to change his mind.

*Pugh v. State*, 271 Md. at 707, 319 A.2d 542.

The *Block* case also dealt with a situation wherein a trial judge reversed his decision after having intentionally rendered a verdict of not guilty. At the conclusion of Block's trial, the District Court judge rendered a verdict of guilty but deferred imposing sentence. Eleven days later, the

defendant filed a motion requesting that the trial judge reconsider the verdict. The trial judge in open court stated that he had reconsidered the verdict in the defendant's case, and he then rendered a verdict of not guilty. The following month, the prosecuting attorney filed a motion asking the judge to set aside the not guilty verdict and to reinstate the guilty verdict. Two months later, the trial judge struck his not guilty verdict, but instead of reinstating the prior guilty verdict, ordered that the defendant stand for a new trial. Eventually, the case, pursuant to a prayer for jury trial, was transferred to the Circuit Court for Montgomery County where Ms. Block filed a motion to bar the new trial on the ground of double jeopardy. After a hearing, the circuit court denied the motion and the Court of Appeals reviewed the case pursuant to a writ of certiorari.

> Citing the *Pugh* decision, Judge Eldridge observed:
> [T]his court flatly held that when a trial judge "intentionally renders a verdict of 'not guilty,' the verdict is final and the defendant cannot later be retried on or found guilty of the same charge." ... We pointed out in *Pugh* that from the earliest times, it has been settled that a verdict of not guilty "cannot be set aside. Any attempt to do so by the prosecutor is barred by what at common law was the plea of *autrefois acquit.*" ....

*Block*, 286 Md. at 268, 407 A.2d 320.

The Court held that the District Court had jurisdiction over the offense at the time of the verdict of not guilty was rendered and that the verdict barred further criminal proceedings on the same charge.

In the case *sub judice*, rather than announce a specific and intentional verdict of "not guilty," the trial judge expressly clarified that he did not intend to find the appellant not guilty. He stated that it was his intention merely to vacate the jury verdict because of the inconsistency and grant a new trial as to first degree rape.

██  As there was sufficient evidence, aside from the use of the handgun, to support a conviction of first degree rape, we shall affirm the judgment of the lower court.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.

ROBERT M. BELL, Judge, dissenting.

I dissent.

My disagreement with the majority is both strong and basic.[1]  As I see it, the issue is whether, having vacated a jury's guilty verdict on the grounds of inconsistency, the trial court could, without offending the prohibition against double jeopardy, reinstate that verdict.  I totally reject the notion that the majority espouses, that the verdict was vacated "as a predicate to the award of a new trial."  And, contrary to the majority's resolution of the issue, I am of the view that the answer is unequivocally "no."

To place the matter in context, it must be reiterated that the jury rendered inconsistent verdicts with regard to two of the charges against appellant:  even though the only aggravating factor relied upon by the State to raise the rape from the second to the first degree was the use of a handgun, it found appellant guilty of first degree rape and not guilty of use of a handgun in the commission of a crime of violence.  As a result, appellant both filed a written motion for new trial and made an oral motion to strike the first degree rape guilty verdict.  Both motions were premised on the "inconsistent verdicts" and more particularly upon appellant's argument that acquittal on the handgun charge "should have precluded the jury from finding guilt as to the first degree rape charge."  Having heard argument on both motions, the court ruled:

All right.  With respect to your Motion For a New Trial, that is denied.

---

1. The majority and I do agree that "there was no infirmity in the jury verdicts finding appellant guilty of first degree rape while, at the same time, acquitting him of the handgun charge."

With respect to your motion regarding the use of a handgun in the commission of the rape in this case, raising it from the second to first degree rape, I find that your point is well taken, and I grant your motion as to the first degree rape charge.

The court's ruling was clear: it denied appellant's new trial motion and granted his motion to strike. The clarity of that ruling was dissipated, however, by the discussion between court and counsel that followed. Appellant maintained that the court's ruling was tantamount to a verdict of not guilty on the first degree rape charge. The trial judge, on the other hand, acknowledged that the verdicts were, and, indeed, he had found them to be, inconsistent and, further, that the use of a handgun was the only basis upon which the State relied to raise rape from the second to the first degree, a fact which the State seemed not to dispute.[2] Nevertheless, the trial judge denied that he had, in effect, made a finding of not guilty as to the First Degree Rape.[3] On the contrary, his position was that he

---

2. MR. McCARTHY [assistant State's Attorney]: Your Honor, did I understand the basis upon which the Court is going—
THE COURT: That it is inconsistent. They acquitted him of the use of a handgun, which in this particular case was the basis from raising it from 2nd to 1st degree.
MR. McCARTHY: The defense even conceded in their own argument that that is permissible. The jury can return an inconsistent—
THE COURT: I understand, but what other evidence was there of force, other than this handgun?
MR. McCARTHY: Well, she was pushed back on the bed at some point in time.
THE COURT: I understand, but do you think that would have raised it from 2nd to 1st Degree Murder [sic] without the handgun?
MR. McCARTHY: That by itself, absolutely not. I think the Court is invading the province of the jurors as fact finders in the case. They reached—

3. MR. SEVERT: Well, my request, and I thought the Court just granted it, was to set aside the finding and guilt as to Count I, because it is inconsistent.
THE COURT: That is what I did.
MR. SEVERT: Which is tantamount to finding him not guilty.
THE COURT: Why is it tantamount to finding him not guilty?
\* \* \* \* \* \*

had merely granted appellant's motion for new trial as to first Degree rape. Accordingly, although agreeing with appellant that he "vacat[ed] the verdict as to the 1st Degree Rape Charge," the trial judge concluded:

I do not find him not guilty. I find that the verdict was inconsistent vis-a-vis the 1st Degree Rape Charge. Your motion with respect to that is granted.[4]

It is well-settled that when a trial judge "intentionally renders a verdict of 'not guilty,' the verdict is final and the defendant cannot later be retried on or found guilty of the same charge." *Pugh v. State,* 271 Md. 701, 706, 319 A.2d 542 (1974). *See State v. Shields,* 49 Md. 301, 303–304 (1878), in which the Court of Appeals stated:

It has always been a settled rule of the common law that after an acquittal of a party upon a regular trial on an indictment for either a felony or a misdemeanor, the verdict of acquittal can never afterwards, on the application of the prosecutor, in any form of proceeding, be set aside and a new trial granted, and it matters not whether such verdict be the result of a misdirection of the judge or a question of law, or a misconception of fact on the part of the jury ...

*See also Tibbs v. Florida,* 457 U.S. 31, 41, 102 S.Ct. 2211, 2217, 72 L.Ed.2d 652 (1982); *State v. Despertt,* 73 Md.App. 620, 623, 535 A.2d 963 (1988). This is, of course, true even

---

MR. SEVERT: In effect, what you have done is granted what was not done in—which is basically indicating that there was not enough evidence to find him guilty of 1st Degree Rape.
THE COURT: No, your argument was based on inconsistent verdicts.
MR. SEVERT: Right.
THE COURT: I agree with you.
MR. SEVERT: I asked you to correct the verdict.
THE COURT: I am.
MR. SEVERT: By correcting the verdict you find him not guilty.
THE COURT: No, I vacate the verdict as to the 1st Degree Rape Charge.

**4.** The docket entry reads: "Hearing On Defendants [sic] Motion For New Trial (# 55) (Weinstein, J.) Granted As To Count # 1 (RAPE—First Degree) Vacates Verdict; Denied On All Other Points...."

when the verdict is rendered before any evidence has been introduced by the State. *Despertt, supra.*

The principle is no less applicable to the situation where the not guilty verdict, or a ruling tantamount to such a verdict, has been rendered following, and indeed replaces, a jury's verdict of conviction entered on sufficient evidence. *See Block v. State,* 286 Md. 266, 407 A.2d 320 (1979). There, the trial judge found the accused guilty of shoplifting, but deferred sentencing. Later, pursuant to a motion to reconsider the verdict, the trial judge replaced that verdict with one of "not guilty." Still later, upon the application of the State, the trial judge struck the not guilty verdict and ordered that the accused be retried. 286 Md. at 267–68, 407 A.2d 320. The Court of Appeals reversed the lower court's denial of the accused's motion to dismiss on double jeopardy grounds. After citing the principle set forth in *Pugh,* see 271 Md. at 706, 319 A.2d 542, the Court addressed the State's argument that, since the lower court lacked jurisdiction to set aside the guilty verdict and render a verdict of not guilty in the first place, the verdict of acquittal was a nullity. The Court assumed that it was error for the court to have set aside the guilty verdict and replace it with a not guilty verdict, but, pointing out that " 'jurisdiction' of the court for purposes of this principle [autrefois acquit] of double jeopardy law means jurisdiction in the most basic sense [-i]t does not mean that an error in the exercise of jurisdiction permits judicial proceedings to be treated as a nullity," 286 Md. at 270, 407 A.2d 320, it held:

> In the present case, the District Court had jurisdiction over the offense at the time the verdict of not guilty was rendered.... As in *Parojinog* [*v. State,* 282 Md. 256, 384 A.2d 86 (1978) ] the fact that the court may not have been authorized under the rules to render the verdict does not make it void for double jeopardy purposes. The cases make it clear that an improper or defective exercise of jurisdiction does not deprive an acquittal of its finality. Instead, as long as the court rendering a not-guilty ver-

dict has jurisdiction over the offense, the verdict is a bar to further criminal proceedings on the same charge. 286 Md. at 273–74, 407 A.2d 320.

In *Block,* the trial judge specifically entered a verdict of not guilty. Here, he did not. The question thus becomes, were the trial judge's actions in vacating the jury's verdict in this case tantamount to a finding of not guilty? I think the answer is obvious.

The State relied upon appellant's use of a handgun as the aggravating circumstance raising second degree rape to first degree rape, *see* Maryland Code, art. 27, § 462(a)(1), there being nothing in the record to suggest any other operative aggravating factor. See n. 2 *supra.* Relying upon this fact and the further one that the jury acquitted him on the handgun charge, appellant argued that the verdicts were inconsistent. He then urged the trial judge to grant a new trial *and* / or to strike the first degree rape conviction as being precluded by the handgun acquittal. And, premised upon appellant's inconsistent verdicts argument, the court, after denying the new trial motion, did vacate the guilty verdict as to first degree rape. Under these circumstances it follows, as appellant contends, that "the action of the trial judge was tantamount to an acquittal on the first degree rape charge." By accepting appellant's argument that the not guilty verdict on the handgun charge precluded a not guilty verdict on the first degree rape charge, the court necessarily determined that the evidence was insufficient to sustain a guilty verdict on the first degree rape charge;[5] its ruling "actually represents a

---

5. In *Christian v. State,* 65 Md.App. 303, 500 A.2d 341 (1985), *aff'd,* 309 Md. 114, 522 A.2d 945 (1987), we held that, in a criminal case, although there is a conviction, there is no final judgment until sentencing, and that prior to sentencing, a judge may reconsider his order granting a new trial. *Id.,* 65 Md.App. at 307, 500 A.2d 341. There, a new trial was granted on the grounds that the State had failed to disclose a statement the accused had made to the victim. After the decision in *White v. State,* 300 Md. 719, 481 A.2d 201 (1984), which seemed to indicate that there was no impropriety in the State's action, the court rescinded its new trial order. Unlike in *Christian,* in the

resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged." *United States v. Scott*, 437 U.S. 82, 97, 98 S.Ct. 2187, 2197, 57 L.Ed.2d 65 (1978), quoting *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 1355, 51 L.Ed.2d 642 (1977). Moreover, far from being inadvertent or unintended, the Court's ruling had been well considered, having been arrived at only after both the State and appellant had been fully heard on the point. That being so, as in *Block*, when the trial court vacated the jury's verdict, it had

case *sub judice,* the grounds offered in support of the motion went to the merits of the charge. Because, in *Christian* the grounds for granting the new trial did not reach the merits, *i.e.,* had nothing to do with the sufficiency of the evidence, *Christian* is not apposite.

*In Re Petition for Writ of Prohibition,* 312 Md. 280, 539 A.2d 664 (1988) is similarly inapposite. There, the Court of Appeals declined to accept the State's argument that a Writ of Prohibition should issue with regard to a trial judge's consideration of the credibility of witnesses in determining to grant an accused a new trial. It held, on the contrary, that a court, in an exceptional case, may grant a new trial if it determines that the verdict is against the weight of the evidence. *Id.,* 312 Md. at 326–27, 539 A.2d 664. In so doing, it recognized

that there is a difference between a motion for judgment of acquittal and a motion for new trial based on weight of the evidence. The former, if granted, results in acquittal and the proper test is sufficiency of the evidence to convict.

Weight and credibility are not at issue. The evidence must be read from the viewpoint most favorable to the prosecution and if so read any rational fact-finder would find it sufficient, the motion must be denied. The latter, if granted, results only in a new trial. As a consequence, a court has more latitude in considering it, and may take into account factors such as credibility. To conclude otherwise is to make the two types of motions essentially indistinguishable when the issue is the extent of evidence presented to the trier of fact.

*Id.,* 312 Md. at 325, 539 A.2d 664. The case *sub judice* is far different. Here the evidence could only be sufficient if there was evidence of an aggravating factor which would raise the rape from second to first degree; the not guilty verdict on the handgun charge negated that evidence. It is also interesting to note that, despite the majority's bold and bald assertion that "there was sufficient evidence, aside from the use of the handgun, to support a conviction of first degree rape," we are not told what the evidence is.

In fact, other than the reference in n. 2 *supra* the issue whether the evidence sans the handgun would suffice to sustain a guilty verdict as to first degree rape was not addressed by Counsel or the Court.

jurisdiction over the subject matter and over the defendant. *See Parojinog,* 282 Md. at 264–65, 384 A.2d 86; *Despertt,* 73 Md.App. at 624, 535 A.2d 963. Thus, whether, the trial judge had authority to vacate the jury's verdict and, whether, *vel non,* that action was error, once he did so, he could not thereafter set it aside upon the application of the State. The State concedes that this is correct.

The thrust of the majority opinion is that, because "the trial judge expressly clarified that he did not intend to find the appellant not guilty [rather], that it was his intention merely to vacate the jury verdict because of the inconsistency and grant a new trial as to first degree rape", the court's ruling was not tantamount to a not guilty verdict. I remind the majority that "the trial judge's characterization of his own action cannot control the classification of the action." *United States v. Scott,* 437 U.S. at 96, 98 S.Ct. at 2196, quoting *United States v. Jorn,* 400 U.S. 470, 478 n. 7, 91 S.Ct. 547, 553 n. 7, 27 L.Ed.2d 543 (1971) (Opinion by Harlan, J.). Thus, however the judge may have characterized it, whether the ruling is tantamount to an acquittal of the appellant must be determined from a consideration of all of the circumstances. The circumstances here, as I have demonstrated, belie the judge's characterization.

I would reverse.